[S. F. No. 7658. Department One.—May 24, 1917.]

In the Matter of the Estate of ELIZA DAVIS, Deceased. ELIZA E. CARPENTER, Appellant, v. SARAH LAVINIA LEE, Respondent.

ESTATE OF DECEASED PERSON—REMAINDERMAN—RIGHT TO LETTERS OF ADMINISTRATION.—A devisee of a remainder interest in property of a testator has a vested interest in his estate, and is entitled to letters of administration with the will annexed, unless some other person having a better right applies for letters.

ID.—SPECIAL ADMINISTRATION—DISTRIBUTION CANNOT BE HAD DURING —JURISDICTION.—The superior court in the exercise of its probate jurisdiction has no power to make distribution of an estate at a time when the general administration is suspended and the estate is in charge of a special administrator.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying an application for letters of administration with the will annexed, and from

an order refusing to remove a trustee appointed under a will. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Wise & O'Connor, for Appellant.

Louis Horwitz, for Respondents.

SHAW, J.—Two appeals are here presented. The first is an appeal from an order denying the application of Eliza E. Carpenter for letters of administration upon the estate of Eliza Davis, deceased. The other is an appeal from an order denying the petition of Eliza E. Carpenter for the removal of the respondent, Sarah Lavinia Lee, from her office as trustee appointed by the court, under the will of Eliza Davis, deceased, and for the appointment of some other person in her stead.

Eliza Davis died testate on March 2, 1894, being then a resident of San Francisco. By her will the entire estate was devised to two trustees, namely, Joseph Donahue and Adam Grant, in trust, as follows: First, to convert the estate into money; second, to pay debts; third, to divide the residue of the estate into five equal parts and pay one-fifth to each of three of her children named, provided they should be discovered by the trustees within two years from the date of her death, to pay another fifth to her son Augustus Davis, and out of the remaining one-fifth to pay the respondent, Sarah Lavinia Lee, a daughter of the decedent, also known as Lavinia Lee, forty dollars per month during her natural life, and at her death the balance of said one-fifth to be paid to her children. It was further provided that if the trustees failed to discover the three first-mentioned children of the testatrix within two years from the death of the decedent, the shares given to them should be paid over to the other children, Augustus Davis and Sarah Lavinia Lee, but that the share of Sarah Lavinia Lee was "to be always subject to the above provision to pay it to her in monthly sums of forty dollars, during her life, and the remainder of her share, if any, to her said children, as aforesaid."

The will was duly probated and Adam Grant was appointed executor thereof. He died in 1898, and C. C. Webb was then appointed administrator with the will annexed. Webb died

in 1903 and no successor or other general administrator of the estate has ever been appointed.

The trustees were unable to discover either of the three children first mentioned. Augustus Davis died before the death of the testator, leaving no children or other living descendants, or wife, surviving. By the death of Augustus Davis without lineal descendants the disposition to him lapsed. (Civ. Code, secs. 1310, 1343.) As to that portion there was intestacy. It is not necessary to the decision of this case to determine precisely the effect of these provisions. It is sufficient to note that the children of Sarah Lavinia Lee have a vested interest in the one-fifth part out of which, according to the first provision, she was to receive forty dollars per month during her life, and that they have a vested interest in one-half of the three-fifths conditionally given to the three undiscovered children, the effect being that her half of this three-fifths would be consolidated with the fifth directly given to her, and that out of the whole thereof she was entitled to receive only forty dollars per month during her life, and that the residue and remainder of that part of the estate would go to her children at her death.

The records in the estate were all destroyed by the conflagration of April 18, 1906. In 1910, by proceedings duly had, the record was restored. The two persons named as trustees in the will died. On November 1, 1910, on the petition of Sarah Lavinia Lee, the court appointed her to act as trustee under the will instead of the persons appointed by the will. The petition for the appointment of a trustee included an application for the appointment of a special administratrix of the estate, and thereupon the court also made an order appointing the said Sarah Lavinia Lee special administratrix of said estate, "with special and full power to collect and receive from the Pennsylvania Fire Insurance Company all money due on any policy of fire insurance, or due on any contract or for any reason, and to collect and preserve all the goods, chattels, debts and effects of the decedent, and to preserve from damage, waste, and injury, the real estate." She gave bond as required by the order and thereupon letters of special administration were issued to her authorizing her to "collect and take charge of the estate of said deceased, and to exercise such other powers as may be necessary for the preservation of said estate." Thereafter she filed her final account as

special administratrix and the same was settled, showing a balance of money in her hands of $1,362.66. Afterward, on April 4, 1913, said Sarah Lavinia Lee filed a petition for the final distribution of said estate. In pursuance thereof, the formal notice required by law having been given, the court, on April 23, 1913, made an order purporting to distribute the whole of said estate absolutely to the said Sarah Lavinia Lee.

Eliza E. Carpenter is one of the children of said Sarah Lavinia Lee and as such has a vested interest in the estate, under the terms of the will. She was therefore entitled to letters of administration thereon unless some other person having a better right applied for letters in opposition to her. On May 28, 1915, she filed a petition for the letters of administration here in question, and a petition for the removal of Sarah Lavinia Lee as trustee. Opposition to the petition for administration was made by Sarah Lavinia Lee, on the ground that there was no estate to be administered and on the further ground that Eliza E. Carpenter was unfit to act in that capacity. Sarah Lavinia Lee, being the daughter of the decedent, was first entitled to letters, but as she did not apply therefor in opposition to the petition of Eliza E. Carpenter, the latter was entitled to administer. (Code Civ. Proc., secs. 1350a, 1377.) Upon the trial the allegation in the opposition, to the effect that Eliza E. Carpenter was an unfit person to act as administratrix, was withdrawn, and the petition for administration was denied upon the theory that there was no estate to be administered. The contention of the appellant is that the court erred in its conclusion that the estate had been lawfully distributed. This is the principal question for consideration. The theory of the appellant is that there can be no distribution of an estate upon which there is no general administration, that the appointment of Sarah Lavinia Lee as special administratrix was merely for the special purpose mentioned in the order and in her letters as such, that it did not constitute her the general administratrix of the estate, and that after the death of Webb and until general letters of administration *de bonis non* were granted, the court was without power or jurisdiction to make distribution thereof.

No rights of third parties are involved in the question as here presented and there is no claim that the petitioner has

been guilty of laches sufficient to warrant a refusal of the appointment.

We think this point is well taken. The powers of a special administratrix are drawn from the statute. "By our law he has the powers enumerated by statute, each and all of which pertain to the collection and preservation of the estate, and 'such others as are conferred upon him by his appointment.' Though the language above quoted is broad, its limitations are apparent. It is no general grant. It does not authorize the court to obliterate the distinctions between general and special administrators. The additional powers are only such as are incident to those designated, or in line with them." (*Estate of Welch*, 106 Cal. 432, [39 Pac. 806].) In accordance with these principles it was held in that case that the court had no authority, while there was a special administrator in charge of the estate and during the time when the general administration was suspended, to make a partial distribution. The court said: "If partial distribution can be decreed under section 1415, so also may general distribution, and all the distinctions between general and special administrators be thus swept aside. This was not the design of the lawmakers." These principles are decisive of this case. If there can be no partial distribution during a time when there is no general administrator in office, much less can there be complete distribution. The decisions concerning errors made by the court in deciding a matter over which it has jurisdiction are not in point. The jurisdiction here involved is not that general probate jurisdiction which every superior court possesses under the Constitution, but a jurisdiction to pronounce a particular judgment in a particular estate. The superior court has general jurisdiction of matters of probate. The superior court of the city and county of San Francisco had and still has, in a certain sense, jurisdiction over the estate of Eliza Davis, deceased. But after the death of Webb, the administrator with the will annexed, it did not have further jurisdiction to proceed to close and distribute the estate until it had first appointed a successor to Webb in the general administration. The decree of distribution made under these circumstances was therefore of no effect. The court still retained jurisdiction of the estate and it had the power, and it was also its duty, to appoint someone to take charge of the property and make the distribution in

the regular manner provided by law.   (*Estate of Pina*, 112 Cal. 14, [44 Pac. 332].)

We find that the appeal from the order refusing to remove Sarah Lavinia Lee as trustee is not supported by any authenticated record.   Consequently we cannot consider it on the merits.   Her claim, which she asserted in opposition to the application for letters of administration, that she is the absolute owner is, of course, inconsistent with her duty as trustee, but it is not determined in her favor by the refusal of the court to remove her.   The proper course, with reference to the appeal from that refusal, is to dismiss it.   We are not to be understood as holding that such an order is appealable.   It is not included in the list of orders and judgments made appealable by sections 963 and 1701 of the Code of Civil Procedure.

The appeal from the order refusing to remove Sarah Lavinia Lee as trustee is dismissed.

The order denying the application for letters of administration is reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.