## In Re DICKERSON'S ESTATE

No. 2801

July 5, 1928. 268 P. 769.

*J. C. Hickey* and *Chandler & Quayle,* for Appellant:

*McCarran & Mashburn,* for Respondent :

## OPINION

By the Court, Ducker, J.:

This is an appeal from an order of the First judicial district court of the State of Nevada, in and for Ormsby County, refusing to appoint an administrator in the above-entitled matter.

Mrs. June Dickerson filed opposition to the petition of the appellant, E. G. Chamberlain, in which she alleged that she was the surviving wife of the deceased, and that her right was superior to that of appellant. In her petition she prayed that upon the hearing, if it should be determined that letters of administration ought to issue, letters should issue to herself. On the hearing petitioner testified that he was thirty-eight years of age and a resident of Ely, Nevada. A certified copy of final account and petition for distribution in the matter of the estate of Charles H. Graham, deceased, from the Ninth judicial district court of the State of Nevada, in and for White Pine County, was introduced in evidence by the petitioner. This shows that the original was filed in said last-named court by said Denver S. Dickerson, as administrator of the Graham Estate, on August 8, 1919. It shows, among other matters, that all debts of the estate and expenses of administration thus far incurred had been discharged and the estate in a condition to be closed, estimating the cost of closing the estate at $50; and that the residue of the property consisted of $4,587.49 in money and an interest of the estate in certain mining claims. Among the expenses of administration listed in the account appears the payment to the attorney for the administrator of the sum of $700, $100 thereof on account of the attorney's fee being paid on August 28, 1914, $100 thereof on March

10, 1917, and $500, the balance of said fee, on July 25, 1919. There also appears in the account the following statement of the administrator (Voucher 5): "Statutory fees of administrator upon the total amount of the estate accounted for by him, to wit, $10,295.84, $345.90. Additional reasonable compensation of the administrator for unusual services rendered in respect to the estate, $1,000."

The clerk of the Ninth judicial district court, certifying to the copy of the final account and petition for distribution, further certified as follows: "The records of my office show that there has not yet been a hearing or settlement of the said final account nor a hearing of the said petition for distribution in the matter of said estate."

Mrs. June Dickerson testified that she was the widow of Denver S. Dickerson, deceased, and that he died at Carson City on the 28th of November, 1925. The court denied the petition for letters, on the ground that it had not been shown that Denver S. Dickerson had any estate to administer.

 The ruling of the lower court was right. There was no showing on the hearing of any assets belonging to the Dickerson estate. It is contended that the items of $345.90 for the fees of the administrator, $1,000 as reasonable compensation for unusual services rendered the estate, appearing in the final account and petition for distribution filed by Dickerson in the Graham estate, constitute claims by him against the money then held by him as administrator of the latter estate and property of his estate authorizing an administration thereof. The account shows on its face that the claims were paid before the account was filed. This appears both by the presentation with the account of a voucher of payment and by the statement sworn to by Dickerson "that all debts of the estate and expenses of administration thus far incurred had been discharged and the estate in a condition to be closed." A showing of the fact that Dickerson as administrator had prior to August 8, 1919, paid himself $1,345,90 for fees and compensation out of

the moneys belonging to the Graham estate is no proof that he had that or any part thereof at the time of his death over six years later. It is insisted that the several amounts had not been allowed by the court, and until so allowed and paid, after the court had acted on them, they remain claims against the Graham estate and as such property belonging to the Dickerson estate. It may be conceded that the payment of the claims for administration fees and compensation was subject to confirmation by the court, but the proof is that they were paid over six years before Dickerson's death. Whatever action the court might subsequently take could not alter that fact.

▪ ■ Petitioner says that it is questionable whether in cases involving the death of a resident of the state a showing of any assets remaining at the time of the decease is necessary. We cannot agree with this position. It is manifest from a reading of our probate act that property of some kind and value belonging to the estate of the deceased person is essential to the appointment of an administrator of his estate. Section 48 of an act entitled "An act to regulate the settlement of estates of deceased persons, being section 5904 of the Rev. Laws of 1912, as amended Stats. 1923, p. 317," provides:

"Before letters of administration shall be granted on the estate of any person who is represented to have died intestate, the fact of his having died intestate shall be proved by the testimony of the applicant or any other sufficient testimony that may be produced. Proof must also be made concerning the time, place and manner of death, the place of residence at the time of death, the location, character and value of his property, and whether the deceased left a will. Any person may be compelled to attend as a witness for such purpose."

This section alone authorizes a court to refuse letters of administration.

Section 1 of said act provides:

"Wills may be proved and letters testamentary or of administration granted in the county of which deceased

was a resident at the time of [his] death, whether death occurred in such county or elsewhere, and the district court of such county shall have exclusive jurisdiction of the settlement of such estates, whether such estate is in one or more counties. The estate of a nonresident decedent may be settled by the district court of any county wherein any part of such estate may be. The district court to which application shall first be made shall have exclusive jurisdiction of the settlement of such estates."

This section certainly contemplates the existence of an estate as a prerequisite to the granting of letters.

Section 55 of the same act requires a bond to be given by every person to whom letters testamentary or of administration have been directed to issue, unless the will shall have dispensed with the same, and the sum of the penal bond is fixed by the value of the personal property and rents and profits belonging to the estate.

In In Re Bailey's Estate, 31 Nev. 377, 103 P. 232, Ann. Cas. 1912a, 743, an order issuing letters on the estate of an intestate was declared void because no bond was required or given. In fact, the entire statutory scheme of procedure concerning estates of deceased persons relates to estates to be administered. An administrator appointed without an estate to administer would be an act entirely at variance with the purpose of the law of administration.

"The object of administration," the court said in Estate of F. X. Murray, Myr. Prob. Rep. 208 (Cal.), "is to pay debts and distribute the surplus to the heirs. In order to have administration there must be property to be administered upon."

The real object of the application in the above case was to clothe some one with the legal status of administrator merely to make him defendant in a suit to quiet title. The application was denied.

In California under probate provisions similar to ours it is well settled that the ownership of property by the decedent is essential to the granting of letters of administration of his estate. 11 Cal. Jur. p. 276, sec. 56;

Estate of Cover, 188 Cal. 133, 204 P. 583; Hinkel v. Crowson, 188 Cal. 378, 206 P. 58–61; Estate of Crockett, 4 Cal. Pro. Dec. 328; Estate of Haskell, Myr. Prob. Rep. 204; Packard v. Arellanes, 17 Cal. 525; Estate of Davis, 175 Cal. 198, 165 P. 525. Such also is the weight of authority generally.

But the citation of authority from other jurisdictions is without any useful purpose.

It is clearly within the expression of our statutes that an estate is essential to a grant of letters. The proofs adduced at the hearing showed no estate, legal or equitable, belonging to the estate sought to be administered. Consequently there was nothing for the court to act upon.

The order of the lower court is affirmed.