ALICE S. RUSSELL, Appellant, v. J. F. BOW, Administrator of the Estate of C. S. RUSSELL, Deceased, Respondent.

[295 Pac. 437.]

F. A. Hagelin and D. L. Rhodes, for Appellant.

Geo. H. Van de Steeg, for Respondent.

LEE, C. J.—On September 10, 1928, defendant and respondent, Bow, was by the probate court of Canyon county appointed administrator of the estate of C. S. Russell, deceased. Thereafter, on October 29, 1928, the administrator

wrote decedent's widow, stating "There is no property belonging to the estate here and no money with which I may retain the services of an attorney": the petition for letters had related that the deceased had left estate in Idaho, consisting of rights and choses in action involved in a pending suit wherein one Peters was plaintiff and the decedent, defendant. On November 23d following, decedent's widow, appellant Alice Russell, filed in the probate court her petition to revoke the letters so granted for the reason that the deceased had died a nonresident of Idaho, leaving no estate therein; that respondent's petition in respect to estate was false and that he had failed for over two months succeeding his appointment to publish notice to creditors or file an inventory. Later, respondent filed an inventory reciting that the deceased had left no property in Idaho, capable of being reduced to possession and that there was nothing to inventory or appraise. The probate court denied the petition to revoke the letters; and, on appeal, the district court affirmed the judgment; appeal followed.

██ There is only one question in this case. Has the probate court jurisdiction to appoint an administrator where the decedent left no property or right of property within the state, and at the time of his death was a resident elsewhere? The power to appoint an administrator derives wholly from the provisions of C. S., sec. 7438. That statute is identical with section 1294, California Code of Civil Procedure. In *Estate of F. X. Murray*, (Cal.) Myr. Prob. Rep. 208, the court declared with finality: "The object of administration is to pay debts and distribute the surplus to the heirs. In order to have administration, there must be property to be administered upon." That enunciation was emphasized in *In re Dickerson's Estate*, 51 Nev. 69, 59 A. L. R. 84, 268 Pac. 769, where the object of the application for letters was not to administer estate, but, as the court observed, was really to clothe someone with the legal status of administrator merely to make him defendant in a suit. The statute upon which the opinion was based is the same in substance as division (3) of C. S., sec. 7438, *supra*.

It has been earnestly argued that, since C. S., sec. 6652, provides that, if a pending action survive upon the death of a party, it shall not abate but the personal representative may be substituted, a denial of the court's power to appoint an administrator, in the absence of estate, would defeat the statute and the court's process. That depends solely upon who is being sued, whether the litigant without estate is party plaintiff or defendant. In the first instance, he stands to win something to which he has an asserted right; in the other, having nothing, he stands to lose "even that which he hath." C. S., sec. 6652, does not contemplate administrators bereft of *res* to administer. Utah has recognized the right to appoint an administrator where the decedent was suing on a potential claim. (*In re Tasanen's Estate*, 25 Utah, 396, 71 Pac. 984.)

In the Peters-Russell suit above mentioned, this court has taken judicial notice that defendant there demanded judgment upon a counterclaim, thus placing him for the nonce in the same position as a party plaintiff, and entitling him, in case of decease, to be succeeded by an administrator. The trial court, however, after denying plaintiff's claim, also disallowed the counterclaim; and from that part of the judgment defendant took no appeal. His counterclaim having been effectually concluded by the judgment, there was no possibility of aught to be administered. (34 C. J. 898, par. 1307, note 62; 34 C. J. 854, par. 1266.)

Most pertinent is the language of 11 Cal. Jur. 286, par. 62: "As a petition for administration must state facts essential to give jurisdiction, it must state that the deceased left property in the county in which the application is made."

But we shall not cite further authority. *In re Dickerson's Estate, supra,* is a brief in itself.

Judgment reversed; costs to appellant.

Givens, Varian and McNaughton, JJ., and Koelsch, D. J., concur.