DAVID C. WALKER, BY AND THROUGH HIS GUARDIAN
AD LITEM, CONRAD H. WALKER, APPELLANT, v.
BERT BURKHAM, RESPONDENT.

No. 3525

March 21, 1951.                    229 P.2d 158.

*Royal A. Stewart,* of Reno, for Appellant.

*Kearney & Adams,* of Reno, for Respondent.

**OPINION**

By the Court, MERRILL, J.:

On August 21, 1950, the opinion of this court upon appeal in this matter was entered in favor of appellant, Walker v. Burkham, 67 Nev. 541, 222 P.2d 205, the matter having been submitted to this court for decision on March 14, 1950. On October 4, 1950, respondent filed a statement of appeal from the clerk's ruling on costs and on October 5, 1950, filed a petition for rehearing.

At this stage in these proceedings, the death of respondent has been suggested to this court by appellant, and the matters with which we are here concerned are appellant's motions for orders of this court dismissing respondent's appeal on costs and petition for rehearing "unless within a time to be set by the court an administrator is appointed for the estate of the respondent and said administrator substituted as the respondent in the above-entitled action."

From the record before us, it appears that respondent died on May 19, 1950, after the submission of this matter upon appeal but before rendition of the opinion of this court. (The right of this court to proceed to determination of the appeal itself is not questioned under these circumstances.) No personal representative of respondent has been appointed and no application for such appointment has been made.

Section 8561, N.C.L.1929 provides: "An action shall not abate by the death or other disability, of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court, on motion, may allow the action to be continued by or against his representative or successor in interest. * * * After verdict shall have been rendered in any action for a wrong, such action shall not abate by the death of any party, but the case shall proceed thereafter in the same manner as in cases where the cause of action now survives by law."

Rule IX of the rules of this court provides: "Upon the death or other disability of a party pending an appeal, his representative shall be substituted in the suit by suggestion in writing to the court on the part of such representative, or any party on the record. Upon the entry of such suggestion, an order of substitution shall be made and the cause shall proceed as in other cases."

Under our statute and rule it would appear that the

action does not abate by virtue of death but that substitution of the representative of the deceased party shall be made. We are here faced with the fact that there is now no representative available for such substitution. Counsel for the late respondent contend that jurisdiction of this court is not lost; that we may continue to determine all pending matters without any substitution and that this course, under the circumstances, is the proper one. We find ourselves unable to concur in this view.

At common law, in an action at law before the trial court, death of a party resulted in absolute abatement without right of substitution of the decedent's representative. If the cause of action survived death, the only course was commencement of a new action by the representative.

The supreme court of Mississippi, in the case of Gerault v. Anderson, Walk., 1 Miss., 30, 12 Am.Dec. 521, stated: "To say that the court had jurisdiction over the dead would contradict every principle of law and rule of proceeding. * * * Why is a suit said to abate on the death of either party? The answer is that on the death of the party his interest ceases, and the jurisdiction of the court ceases also. In courts of justice there must be *actor, reus* and *judex,* before the court can act effectually to bind parties."

Under statutes such as ours the common-law rule is modified to permit substitution in the original suit. The status of an action under such circumstances is explained in 1 Am.Jur. 105, Abatement and Revival, sec. 159, where it is stated: "The statement * * * (that the action does not abate by death) must not be taken to mean that upon such event the action proceeds without any change. Upon the death of a party or the happening of any other event which would cause it to abate at common law, the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. In

other words, the cause cannot proceed until someone is substituted for the decedent or other party."

Upon appeal or review the common-law rule relative to abatement was less inflexible but substitution was still regarded as essential.

In Green v. Watkins, 6 Wheat. 260, 5 L.Ed. 256, it was stated by Mr. Justice Story: "It is clear, therefore, that at common law, in these cases, a writ of error does not necessarily abate; and that the personal representatives may not only be admitted voluntarily to become parties, but a *scire facias* may issue to require them to become parties."

In re Young's Estate, 59 Ore. 348, 116 P. 95, 1060, Ann.Cas. 1913B, 1310, dealt with death pending hearing upon appeal. Mrs. Phillips had successfully contested a will in the county court; the proponents of the will had appealed to the circuit court. Pending hearing upon that appeal, Mrs. Phillips died. No substitution was made and the cause was heard and determined as though she were alive. Decree of the county court was reversed and costs assessed against Mrs. Phillips. On appeal to the supreme court the fact of death was disclosed for the first time. After a careful consideration of authorities, it was held that the decree of the circuit court against Mrs. Phillips was absolutely void. While, in the case at bar, we are not concerned with the distinction between void and voidable action, we nevertheless feel the language of the court in the Young case to be pertinent to our particular problem and compelling in its reasoning. The court stated:

"This court has not yet decided whether a judgment, given against a person who dies before the hearing and submission of a case, is void, or whether it is merely voidable, and the authorities are hopelessly divided upon that subject. But upon every principle of reason and justice such a judgment ought to be held an absolute nullity. Mrs. Phillips at her death had a decree in her

favor, conferring upon her valuable property and pecuniary rights. Her death revoked the authority of counsel to appear and represent her or her estate in the circuit court. The decree of the circuit court attempted to take these rights away and further to give a personal judgment against her for costs. While many courts, and perhaps a majority, have held that such a judgment is voidable, and not void, their reasoning does not convince us that a judgment against a person not in existence is anything other than wholly void, or that it can possibly bind any one. It may well be granted that, where a cause has been argued and submitted and the decision is in the breast of the judge, and nothing remains but the ministerial act of causing it to be recorded, this function may be performed nunc pro tunc after the death of a party; or where default has been taken, and before entry of judgment the death of a party occurs, the entry of judgment, which is a mere ministerial act of the clerk, may be proper and regular; but that, where death occurs before a hearing upon the merits, the court may pass judgment upon the rights of a decedent, and deprive him or his unrepresented estate of valuable property, is a proposition so illogical and unjust that we cannot assent to it, even though decisions parroted down from one court to another, with hardly a pretense of reasoning to support them, may preponderate in number over those holding the contrary doctrine.

"At common law a suit was abated by the death of a party. 2 Mod. 308; 2 Saund. 72 M. This rule is relaxed by section 38, L.O.L., which provides that the action shall not abate by the death of a party, if the cause of action continue or survive, and that the court, at any time within one year thereafter, on motion, may allow the action to be continued against his personal representatives or successors in interest. The effect of this section is to suspend the suit until such substitution is made. McBride v. N[orthern] P.R.R. Co., 19 Or. 64, 23 P. 814. It is conceived that such suspension has the

same temporary effect on the rights of the parties as though the suit were actually abated; that neither party can move in the case until a substitution is ordered; and that during the interval between the death of the party and substitution of his legal representatives the disabilities of either party remain the same as at common law.

"Commenting upon an act similar in terms to that in force in this state, the Supreme Court of Illinois say: 'In the nature of things, the deceased defendant cannot plead in abatement, or otherwise interpose the fact of his own death, and his legal representatives, until brought into court by the plaintiff, as contemplated by the statute, are not supposed to be present, or to know anything about the pendency of the suit; and to hold a judgment obtained under such circumstances binding upon them would seem, not only inconsistent with well-settled principles, but would probably lead to the perpetration of great frauds. We are, therefore, clearly of opinion that such judgments are, as already stated, absolutely void.' Life Association of America v. Fassett, 102 Ill. 315, 328.   *   *   *"

In the case at bar, we find ourselves with no respondent for or against whom we can decide any matter: no respondent whom we can effectively bind by our action. Any action we might now take would, for all practical purposes, be a nullity so far as concerns the respondent's interests. To indulge in the empty judicial gestures of deliberation and determination under such circumstances would seem the height of futility. See: Morrow v. Morrow, 62 Nev. 492, 156 P.2d 827. At best this matter should be regarded as in a state of suspension or temporary abatement until such time as substitution of parties provides us with the means for making effective such action as we may deem it proper to take.

However, the unusual circumstances confronting us appear to have precluded the existence even of that state

of suspension. There would indeed appear to be nothing at all before us upon which action remains to be taken. At the time the appeal on costs and petition for rehearing were filed herein there was no respondent. Bert Burkham simply did not exist; no plea for review can be regarded by us as having been made by him. The situation is precisely as though no appeal on costs or petition for rehearing had been filed herein whatsoever.

In supporting papers, counsel for the late respondent assert that respondent has left no estate. Under the authority of In re Dickerson's Estate, 51 Nev. 69, 268 P. 769, 59 A.L.R. 84, they contend that unless an estate can be discovered no representative can ever be appointed and, accordingly, no substitution can ever be had. These unhappy circumstances do not, however, lend substance to the ghostly and fugitive documents before us. In our view lack of property cannot be said to cure lack of party. If counsel are without remedy it is solely by virtue of the fact they are without the person of anyone whom that remedy could, in the slightest degree, concern.

By rule of this court respondent had 15 days after rendition of our decision within which to petition for rehearing. That time having expired without any petition having been filed by respondent, (as we conceive the situation to be), we would ordinarily deem it proper to have the remittur issue forthwith. In expectation, however, that some asset may yet be discovered upon which administration may justifiably be founded and substitution of parties made herein, and in the light of appellant's motions in this regard, we shall take advantage of the right given us by our rules to extend time for the filing of a proper petition for rehearing.

It is, therefore, hereby ordered: (1) that the time for filing petition for rehearing herein and for filing appeal from the decision of the clerk with respect to costs on

appeal, is hereby extended to July 1, 1951, and that the remittitur herein be withheld until further order of this court; (2) that the opinion and decision of this court upon appeal herein, entered August 21, 1950, be set aside and that the same be reentered as of the date of submission of said cause, March 14, 1950. City of Valparaiso v. Spaeth, 166 Ind. 14, 76 N.E. 514.

BADT, C. J., and EATHER, J., concur.