Fred H. FEIL, Ruth Feil, Gerald Feil by his next friend Fred H. Feil, Linda Feil, by her next friend Fred H. Feil and Kenneth Feil by his next friend Fred H. Feil, Plaintiffs,

v.

Howard DICE, Administrator of the estate of Peter T. Morizawa, deceased, Defendant.

No. 3179.

United States District Court
D. Idaho, S. D.
Nov. 16, 1955.

J. F. Martin, Martin & Martin, Boise, Idaho, for plaintiffs.

Laurel E. Elam, Elam & Burke, Boise, Idaho, for defendant.

TAYLOR, District Judge.

This cause is presently before the Court on defendant's motion to dismiss the plaintiffs' action on the grounds that it does not state a claim against defendant upon which relief can be granted, and that the defendant is not legally the administrator of the estate of Peter T. Morizawa. After hearing counsel for the respective parties, the Court took the motion under advisement, it being understood that briefs would be filed. Said

briefs have been filed with, and fully considered by, the Court.

The plaintiffs are citizens of Oregon, and the defendant is a resident of Idaho. The plaintiffs, while driving north along U. S. Highway 95 on the night of August 22, 1953, struck the parked automobile owned and operated by Morizawa. Highway 95 extends from Parma, Idaho, north to and connecting with U. S. Highway 30, at a point about midway between the towns of New Plymouth, Idaho, and Fruitland, Idaho.

Morizawa died, as a result of the accident, in Payette County on August 26, 1953. At the time of his death he was a resident of California. Subsequently, on June 8, 1955, letters of administration of the estate of Morizawa were issued by the Probate Court of Ada County to Howard Dice, the defendant in this action.

The motion to dismiss poses two important questions: (1) Did the Probate Court of Ada County have jurisdiction to appoint an administrator for the estate of a non-resident, who died intestate in Payette County, when the latter's sole estate within the State of Idaho consisted of an automobile liability insurance policy? (2) If the probate court did not have jurisdiction to make said appointment, was the order void, and thus subject to a collateral attack in the instant action?

■ "As a general rule a court cannot grant administration on the estate of a nonresident decedent who left no property within the jurisdiction." 33 C.J.S., Executors and Administrators, § 21, citing Russell v. Bow, 50 Idaho 264, 295 P. 437.

In the latter case the Idaho Supreme Court stated:

"There is only one question in this case. Has the probate court jurisdiction to appoint an administrator where the decedent left no property or right of property within the state, and at the time of his death was a resident elsewhere? The power to appoint an administrator derives wholly from the provisions of C.S. § 7438. That statute is identical with section 1294, California Code of Civil Procedure. In Estate of F. X. Murray, Myr.Prob.Rep. (Cal.) 208, the court declared with finality: 'The object of administration is to pay debts and distribute the surplus to the heirs. In order to have administration, there must be property to be administered upon.' That enunciation was emphasized in In re Dickerson's Estate, 51 Nev. 69, 268 P. 769, 59 A.L.R. 84, where the object of the application for letters was not to administer estate, but, as the court observed, was really to clothe some one with the legal status of administrator merely to make him defendant in a suit. The statute upon which the opinion was based is the same in substance as division (3) of C.S. § 7438, supra.

\*     \*     \*     \*     \*     \*

"Most pertinent is the language of 11 Cal.Jur. 286, par. 62: 'As a petition for administration must state facts essential to give jurisdiction, *it must state that the deceased left property in the county in which the application is made.'*" (Emphasis added.)

Section 15–101, Idaho Code (formerly C.S., § 7438), provides that:

"Wills must be proved, and letters testamentary or of administration granted:

"1. \*   \*   \*

"2. In the county in which the decedent may have died, leaving estate therein, he not being a resident of the state.

"3. \*   \*   \*

"4. In the county in which any part of the estate may be, the decedent not being a resident of the state, and not leaving estate in the county in which he died.

"5. \*   \*   \*"

"In order to render valid a grant of letters of administration, the view is gen-

erally accepted that certain jurisdictional requisites must exist. These requisites generally are that the person on whose estate the letters are being granted must be in fact dead, and that at the time of his death he must have been a resident of the county wherein the letters are being granted, *or, if not a resident, that he must have left assets in such county*." (Emphasis added.) 21 Am.Jur., Executors and Administrators, § 31.

"It is not necessary that the assets relied on as furnishing a basis for local administration should be of a tangible nature, but a mere claim or right of action arising or existing and enforceable within the jurisdiction is sufficient". 33 C.J.S., Executors and Administrators, § 20.

There is a conflict of authority, however, as to whether the right of exoneration and indemnity under an automobile liability policy as to liability for payment of damages for injuries, for property damage, and for consequential damage is an "estate" authorizing the granting of letters of administration. Authorities supporting the view that such a right constitutes an estate are: Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105; Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437; In re Vilas' Estate, 166 Or. 115, 110 P.2d 940; Liberty v. Kinney, 242 Iowa 656, 47 N.W.2d 835; and Davis v. Cayton, Tex.Civ.App., 214 S.W.2d 801. Cases holding the contrary are: Olson v. Preferred Automobile Ins. Co., 259 Mich. 612, 244 N.W. 178; Wheat v. Fidelity and Casualty Co. of N. Y., Colo., 261 P. 2d 493; In re Rogers' Estate, 164 Kan. 492, 190 P.2d 857; In re Reardon's Estate, 203 Okl. 54, 219 P.2d 998; and In re Roche's Estate, 16 N.J. 579, 109 A.2d 655. Russell v. Bow, supra, cannot be included in the latter category as in that case the decedent, although a defendant in a pending suit, had no right of exoneration and indemnity under an automobile liability policy.

The cases cited as authority for the view that such a right constitutes an estate hold, however, that such estate is in the county where the accident giving rise to claims against the insured occurred, or where the insured died as a result of such accident. These cases do not hold that such estate is in *any* county within the state. Liberty v. Kinney, supra; In re Vilas' Estate, supra; see also, Furst v. Brady, 375 Ill. 425, 31 N.E. 2d 606, 133 A.L.R. 558. The Supreme Court of Idaho has not ruled on this question but if said court were to do so, it seems reasonable to assume that it would recognize the authorities cited above. If it should subscribe to the rule that the right to exoneration and indemnity under an automobile liability policy constitutes an estate, it is reasonable to conjecture that it would further hold that any such estate would be subject to administration only in the county where the accident occurred or where the insured died as a result of the accident.

This court, in the absence of a decision of the Supreme Court of Idaho to the contrary, does not agree with the rule that such a right constitutes property or estate subject to administration.

The order appointing Dice administrator shows on its face that the decedent, Morizawa, "left an estate within the State of Idaho consisting of a public liability insurance policy by the terms of which among other things the insurance carried for the said Peter T. Morizawa, deceased, agreed to pay on behalf of said Peter T. Morizawa all sums for which said Peter T. Morizawa might become liable by reason of the ownership, maintenance and use of a certain 1940 Hudson automobile, bearing license No. 6 N 59562, California, 1953, which said liability insurance is within the jurisdiction of this Court," but also that decedent "died on or about the 26th day of August, 1953, in the County of Payette." It is the considered opinion of this Court that the Honorable Probate Court of Ada County did not have jurisdiction and said appointment was therefore null and void.

854

"If a probate court having jurisdiction over certain subject matter *clearly exceeds its powers* or does an act prohibited by law, *its decree may be avoided in collateral proceedings as well as by appeal."* (Emphasis added.) 21 Am.Jur., Executors and Administrators, § 114. Further, as stated in § 115:

"There is considerable confusion among the authorities as to the right of collateral attack where it is claimed that the court, in granting an administration, erroneously decided some jurisdictional fact. Some cases regard such a decision as a usurpation of jurisdiction where none exists, rendering thereby the grant of letters totally void and subject to collateral attack. The issuance of letters of administration is merely prima facie evidence that the court issuing them had jurisdiction over the subject matter of the estate, and that the proceedings therein were regular and valid; *but such letters, even if regular on their face, may be shown to be absolutely void if the court making the appointment had no jurisdiction.*

"In other jurisdictions, however, the doctrine followed is that conclusive effect may be given to the decrees of probate courts even where the court has incorrectly found the jurisdictional facts, provided that it had the power to determine such facts, and that no want of jurisdiction appears on the face of the proceedings. *If, however, the absence of essential jurisdictional facts appears in the same record that shows a grant of administration, it is conclusive against the validity of the letters."* (Emphasis added.)

The order appointing the administrator being void on its face, it is properly attacked by defendant's motion to dismiss.

Therefore it is ordered that defendant's motion to dismiss be, and the same is hereby, granted.