528 P.2d 679

**In the Matter of the ESTATE of Dora H. PIERCE, a/k/a Dora H. Christie, Deceased.**

**Paul T. CLARK, Personal Representative of Estate of Dora H. Pierce, Deceased, Plaintiff-Respondent,**

v.

**Polly A. KNOTT et al., Defendants-Appellants.**

No. 11284.

Supreme Court of Idaho.

Nov. 18, 1974.

Ware, Stellmon & O'Connell, Lewiston, for defendants-appellants.

Paul C. Keeton, Lewiston, Dennis L. Albers, Grangeville, for plaintiff-respondent.

McFADDEN, Justice.

Blanche Dorendorf, allegedly a creditor, tort claimant, filed her petition in the district court of Nez Perce County seeking to have the estate of Dora H. Pierce, also known as Dora H. Christie (hereinafter referred to as the decedent), probated. In the petition it was alleged, among other facts, that decedent died on November 28, 1970, at the age of 67 years; that at the time of her death, decedent was domiciled in Spokane, Spokane County, Washington, and that she was survived by various named heirs, who are the defendants-appellants on this appeal. The petition also alleges that venue for the proceedings is in Nez Perce County; that no personal representative has been appointed for this state; and that "The total amount of this estate will not exceed the amount of decedent's automobile liability." The petitioner prayed that Paul T. Clark be appointed the personal representative of the estate. Notice of hearing issued.

The defendants-appellants (named heirs) moved to quash or to dismiss the petition and notice filed by Blanche Dorendorf upon various grounds. The trial court denied the motion and appointed Clark as the

personal representative. Subsequently the trial court entered its order of intestacy and appointment of administrator and this appeal from that order followed. See In re Estate of Pierce, 95 Idaho 625, 515 P.2d 1017 (1973).

The appellants challenge the order appointing an administrator on the ground that the trial court erred in not granting their motion to dismiss for lack of jurisdiction over the subject matter. It is the opinion of this court that there is merit to this contention.

In the petition, it is alleged that the decedent was domiciled in the State of Washington at the time of her death. In order to establish a jurisdictional basis for proceeding under the Idaho Uniform Probate Code, it is essential that the petition allege that there was property of the decedent "located in this state." I.C. § 15–1–301.[1] This the petition failed to do. There is no allegation that any asset of the decedent was located in Idaho. Although the briefs discuss the question of the situs of liability insurance coverage, there is nothing in the record to establish the assumed fact that the decedent had liability insurance coverage at the time of the automobile accident alluded to in the briefs. Whether liability insurance coverage constitutes property "located within this state" is an issue which cannot properly be reached on the record before this court. The petition did not allege that the decedent had liability insurance coverage, and since no other assets of the decedent were alleged to be "located in this state," the appellants' motion to dismiss should have been granted, and the trial court erred in entering the

order of intestacy and appointment of administrator.

The order is reversed. Costs to appellants.

SHEPARD, C. J., and DONALDSON, McQUADE, and BAKES, JJ., concur.

---

1. "15–1–301. Territorial application.—Except as otherwise provided in this code, this code applies to (1) the affairs and estates of decedents, missing persons, and persons to be protected, domiciled in this state, (2) the property of non-residents located in this state or property coming into the control of a fiduciary who is subject to the laws of this state, (3) incapacitated persons and minors in this state, (4) survivorship and related accounts in this state, and (5) trusts subject to administration in this state."

Under the now-repealed probate code, in effect at the time of the decedent's death, it was likewise a jurisdictional prerequisite that there be property in this state in order for proceedings to be had in the case of a nonresident decedent. See I.C. §§ 15–101, 15–102; Russell v. Bow, 50 Idaho 264, 295 P. 437 (1931).