[No. A039727. First Dist., Div. Five. May 27, 1988.]

Estate of ETHEL IONE BEGLEY, Deceased.
LLOYD CRIPPS, as Administrator, etc., Petitioner and Respondent,
v.
CLAUDIA LARSEN, Claimant and Appellant;
MARGORIE McKINLEY et al., Claimants and Respondents.

**COUNSEL**

J. Ronald Hershberger and Thoits, Love, Hershberger & McLean for Claimant and Appellant.

Frank Shaw-Bacik and Rawles, Hinkle, Carter, Behnke & Oglesby for Claimants and Respondents.

No appearance for Petitioner and Respondent.

**OPINION**

**KING, J.**—In this case we hold that a devise to two siblings lapsed because they predeceased the testator and left no issue, and their shares passed to the other devisees in proportion to those devisees' other interests in the estate. Claudia Larsen appeals from an order determining entitlement to distribution of the estate of Ethel Ione Begley. We reverse.

Begley died in 1985. She had executed a holographic will in 1960. The will stated, "All of my real estate and personal property is to sold and be divided share and share alike between my two Sisters Lulu L Bolton, Lena S Ford, and one Brother John H. Dickey, all of Willits, California, and the Heirs of my late Sister Viola Davis." (*Sic.*)

All of these intended beneficiaries predeceased Begley. Lulu and John died without issue. Lena had eleven children; nine of her children survived Begley, and four issue of one deceased child and two issue of the other deceased child survived Begley. Viola had three children, all of whom predeceased Begley; four issue of these children survived Begley, including two from one child (Larsen and a sister) and one each from the other two children.

The will was admitted to probate on October 11, 1985, and one of Viola's grandchildren, Lloyd Cripps, was appointed administrator with will annexed. Cripps subsequently filed a petition for determination of entitlement to distribution of the estate. Three of Lena's children and one of her grandchildren filed objections to the petition. The court ruled as follows:

First, the one-fourth interest devised to the heirs of Viola Davis would go to her grandchildren as heirs expressly designated by the will. Larsen and her sister would each receive one-sixth of this one-fourth interest, and the other two grandchildren would each receive one-third of the one-fourth interest.

Next, the one-fourth interest devised to Lena would go to her children and grandchildren under California's antilapse statute, Probate Code section 6147, which provides that the issue of a predeceased devisee shall take in the devisee's place in the manner prescribed by Probate Code section 240. ■ Section 240 provides for per stirpes distribution of an intestate's estate in equal shares among members of the nearest generation with living issue—including issue who are living and those who have died and left living issue—with the deceased issue's shares being divided among their issue.[1]

Finally, the one-half interest devised to Lulu and John would also be distributed under section 6147 in the manner prescribed by section 240. This interest would be distributed in equal shares among Lena's and Viola's living and deceased children, with the deceased children's shares being divided among their living issue.

Larsen filed a timely notice of appeal from the order. Viola's other three grandchildren did not join in the notice and have not made any appearance on appeal.

■ Larsen challenges the distribution of the one-half interest devised to Lulu and John. She correctly contends the court erred in distributing this interest under the antilapse statute, Probate Code section 6147, because Lulu and John left no issue.

Section 6147, subdivision (b), provides in pertinent part that "if a devisee . . . fails to survive the testator . . . *the issue* of the deceased devisee take in his or her place in the manner provided in [Probate Code] Section 240." (Italics added.) That this provision does not apply to deceased devisees who have left no issue is implicit in the wording of the statute. Consistent with this construction, previous versions of California's antilapse statute have been interpreted as excluding deceased devisees who have left no lineal descendants. (*Estate of McCurdy* (1925) 197 Cal. 276, 284 [240 P. 498]; *Estate of Davis* (1917) 175 Cal. 198, 200 [165 P. 525].) Additionally, the comment to Uniform Probate Code section 2-605, which is the source of the above quoted language of section 6147, states, "This section prevents lapse by death of a devisee before the testator if the devisee is a relative *and leaves issue who survives the testator.*" (U. Prob. Code com., 54A West's Ann. Prob. Code, § 6147 (1988 supp. pamp.) p. 142, italics added.)

---

[1] This method is to be distinguished from per capita distribution, in which the estate is distributed in equal shares regardless of proximity of relationship to the deceased. (See *Lombardi* v. *Blois* (1964) 230 Cal.App.2d 191, 198 [40 Cal.Rptr. 899].)

The applicable statute is Probate Code section 6148, which governs lapsed devises "[e]xcept as provided in Section 6147 or in the will." Subdivision (b) of section 6148 states, "If the residue or a future interest is devised to two or more persons and the share of a devisee fails for any reason, the share passes to the other devisees in proportion to their other interest in the residue or future interest." Accordingly, the lapsed devises to Lulu and John must pass to Lena's and Viola's descendents in proportion to their other interests in the estate.

■ Respondents do not contend on appeal that section 6147 is applicable. Instead, they argue distribution in the manner prescribed by Probate Code section 240 was appropriate because it was consistent with Begley's probable intent. They rely on the following comment in a law review article: "Three empirical studies have found that 87% to 95% of the people surveyed would treat their grandchildren equally, even though they might leave a greater share, or the entire estate, to a living child than to the issue of a deceased child. . . . [¶] Although the empirical studies have not asked people how they would distribute property to brothers and sisters and to nieces and nephews, it seems reasonable to conclude that, as with children and grandchildren, the average testator would not want to continue inequality from one generation into the next." (French, *Antilapse Statutes Are Blunt Instruments: A Blueprint for Reform* (1985) 37 Hastings L.J. 335, 340, fn. 21, 341, fn. 23.)

Any speculation as to Begley's probable intent, however, is irrelevant here. The statutory rules for construction of wills (Prob. Code, § 6140 et seq.) are applicable if the testator's intent is not indicated in the will. (Prob. Code, § 6140, subd. (b).) Begley's will contains no indication of her intent in the event Lulu and John predeceased her. Thus section 6148 governs. The point asserted in the law review article may well be valid, but the statutory rules of construction express the presumed intent of the testator as determined by our Legislature, and any change must come from the Legislature.

■ Respondents also invoke the exception set forth in section 6148 for contrary provisions in the will, and argue Begley's will provides for distribution other than under Probate Code section 6148. They rely on the court's express finding that "[t]he intent of the decedent/testatrix in making her will is clear: she intended to leave one-fourth of her estate to each of her then living siblings, LULU L. BOLTON, LENA S. FORD and JOHN H. DICKEY, and one-fourth to the heirs of her then deceased sister, VIOLA DAVIS." This does not, however, account in any way for Begley's intent if

Lulu and John predeceased her. Thus the will cannot possibly be construed as providing for distribution in any manner other than under section 6148.

The court therefore erred in distributing the one-half interest devised to Lulu and John. That interest must pass to Lena's and Viola's descendents in proportion to their other interests in the estate. The judgment must be reversed.

■ Four parties—Viola's grandchildren—were aggrieved by this error, but only one of those parties appealed. Nevertheless, the reversal must extend to all four, since the appealed part of the judgment (the portion adverse to Larsen) is so interwoven and connected with the remainder that the appeal involves a consideration of the whole. (*Estate of McDill* (1975) 14 Cal.3d 831, 840-841 [122 Cal.Rptr. 754, 537 P.2d 874].)

■ Larsen also contends the court erred in distributing the one-fourth interest devised to the heirs of Viola Davis. Of this interest the court distributed one-sixth each to Larsen and her sister, and one-third each to Viola's other two grandchildren, evidently believing the grandchildren took through Viola's children by right of representation. Larsen correctly contends the four grandchildren should have shared this interest equally.

Because Begley devised the interest to Viola's "heirs," the grandchildren's shares are determined as if Viola "were to die intestate at the time when the devise is to take effect in enjoyment and according to the California statutes of intestate succession in effect at that time." (Prob. Code, § 6151.) The applicable statute of intestate succession is Probate Code section 240, which provides for distribution in equal shares among members of the nearest generation with living issue (including issue who are living and those who have died and left living issue, with the deceased issue's shares being divided among their issue). The nearest generation of living issue was the four grandchildren. Thus the one-fourth interest should have been divided equally among them.

In sum, the court correctly distributed Lena's one-fourth interest pursuant to Probate Code section 6147, but should have distributed the one-fourth interest of Viola's heirs equally among her four grandchildren, and should have distributed the one-half interest of Lulu and John to Lena's and Viola's descendents in proportion to their other interests in the estate. This yields the following distribution: Half the estate passes to Viola's four grandchildren in equal shares. The other half of the estate passes to Lena's

living and deceased children in eleven equal shares, with the share of one deceased child being divided among four living issue and the share of the other deceased child being divided among two living issue.

The order is reversed with directions to distribute the estate in the manner indicated in this opinion. Larsen shall recover her costs on appeal.

Low, P. J., and Haning, J., concurred.