*1265 LAMAR, Justice,
dissenting:
¶ 46. The issue before the Court is whether the death of one of the parties to a joint application to revoke divorce deprives the trial court of jurisdiction to proceed on the joint application after the party’s death. The question of jurisdiction is basic and fundamental, and if there is an absence of jurisdiction — over either the person or the subject matter — the court is without power to act. At common law, the death of either party generally put an end to an action. In recognition of this principle, this Court long ago held that “on the death of [a] party his interest ceases, and the jurisdiction of the court ceases also.” Gerault v. Anderson, 1 Miss. 30, 1818 WL 456, *2 (June Term 1818). Griffith’s Mississippi Chancery Practice provides that: “A valid judgment cannot be rendered in favor of two persons, one of whom at the time is dead. Such judgment is void.” Bridges & Shelson, Mississippi Ghance'ry Practice § 620 (2000 ed.). “A proceeding to set aside a divorce decree, that is valid on its face and that deals exclusively with the parties’ marital status, is abated upon a former spouse’s death.” 24 Am.Jur.2d Divorce and Separation § 430 (2008).
¶ 47. Our statutes provide a process whereby a judgment of divorce can be revoked. Section 93-5-31 of the Mississippi Code states:
The judgment of divorce from the bonds of matrimony may be revoked at any time by the court which granted it, under such regulations and restrictions as it may deem proper to impose, upon the joint application of the parties, and upon the production of satisfactory evidence of their reconciliation.
Miss.Code Ann. § 93-5-31 (Rev.2004). The majority finds that, because the conditions of the statute were met, Janet is entitled to proceed on the application to revoke divorce, unaffected by Charles’s death. I disagree. This action dealt exclusively with the parties’ marital status, an action that was strictly personal to each of them,[17] one which could not be assigned, nor could another party be substituted in their stead. Thus, the action must necessarily abate upon either party’s death. I find nothing in the language of the statute that compels me to ignore the well-founded rule that “on the death of [a] party his interest ceases, and the jurisdiction of the court ceases also.” Gerault, 1818 WL 456, at *2. I would find that a trial court is without authority to alter the marital status of a party who is deceased. I therefore dissent.
WALLER, C.J., GRAVES, P.J., and RANDOLPH, J., join this opinion.

. See e.g., Larocca v. Larocca, 597 So.2d 1000, 1004 (La. 1992) (Divorce is a personal action that abates upon the death of one of the parties); In Re Estate of Williams, 2003 WL 1961805, at *6 (Tenn.Ct.App., Apr. 28, 2003) (same); In Re Marriage of Himes, 136 Wash.2d 707, 965 P.2d 1087, 1093 (1998) (same).