# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONNA J. JACKS, AN INDIVIDUAL,
Appellant,
vs.
MADISON REVOLVING TRUST 2017,
Respondent.

No. 77837

FILED

JUL 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

Pursuant to NRAP 16, the settlement judge filed a report with this court on May 28, 2019, indicating that the parties had agreed to a settlement. Accordingly, on May 29, 2019, we directed appellant to file a stipulation or motion to dismiss this appeal or otherwise inform this court of the status of this appeal.

On June 6, 2019, counsel for appellant filed a suggestion of death indicating that appellant Donna Jacks passed away on March 20, 2019. Counsel did not indicate whether a personal representative had been substituted as a party to this appeal. Accordingly, on June 25, 2019, we directed counsel for appellant to comply with NRAP 43(a)(1). On July 3, 2019, counsel for appellant and counsel for respondent filed a stipulation to dismiss this appeal with prejudice. On July 11, 2019, we directed counsel for appellant to comply with our June 25, 2019, order, and deferred ruling on the July 3, 2019, stipulation to dismiss this appeal. On July 15, 2019, counsel for appellant filed a notice of compliance with NRAP 43(a)(1), informing the court for the first time that appellant does not have a personal representative.

Based on counsel's representations that appellant passed away on March 20, 2019, and does not have a personal representative, it is unclear from the limited record before this court on what authority counsel for appellant negotiated a settlement or was authorized to stipulate to dismiss this appeal. Accordingly, we disapprove the parties' stipulation at this time.

Nevertheless, although the general rule is that an action does not abate upon the death of a party, NRS 12.100, substitution of a representative of a deceased party is necessary for an appeal to proceed. *See Walker v. Burkham*, 68 Nev. 250, 229 P.2d 158 (1951). Because counsel represents that appellant is deceased and has no personal representative, there appears to be no jurisdictional basis on which this appeal may proceed. *See generally* NRAP 3A(a) (aggrieved party has standing to appeal). Accordingly, this appeal is dismissed.

It is so ORDERED.

_____, C.J.

cc: Hon. Linda Marie Bell, Chief Judge
Stephen E. Haberfeld, Settlement Judge
Peters & Associates, LLP
Aldridge Pite, LLP
Akerman LLP/Las Vegas
Eighth District Court Clerk