CHRISTY *et al.* v. VEST *et al.*

**Administrator:** APPOINTMENT OF. Under section 2304 of the Revision the county court had no jurisdiction to grant administration upon the estate of a non-resident decedent unless he had property in the county to be administered on. The fact that some of the property of the estate was brought into the county for a temporary purpose after the death of the intestate would not confer such jurisdiction.

*Appeal from Woodbury District Court.*

WEDNESDAY, APRIL 9.

ACTION of replevin for two horses, one pair of double harness and a wagon. Trial by the court; judgment for Daniel

T. Hedges, intervenor. Plaintiff appeals. The necessary facts are stated in the opinion.

*Joy & Wright* for the appellants.

*John Currier* for the appellees.

DAY, J. — The essential facts of the case, as found by the court below, are substantially as follows :

The property in question belonged to John Hawkins, who died in Dakota Territory on the 27th of May, 1866, leaving the property in the care of Archibald Christy, the plaintiff, who retained the possession thereof until the 17th of September following, when he was persuaded by the widow of John Hawkins to bring the property to Sioux City that she might there obtain the necessary advice and counsel in relation to settling a claim made against the estate by Christy for keeping the property. Christy put the property in the stable and yard of a hotel in Sioux City, and soon thereafter, Vest, who was in the employ of Mrs. Hawkins, took the property and put it in another place.

Thereupon, Christy, on the 18th day of September, commenced an action of replevin, and, getting possession of it under the writ of replevin, he immediately returned with it to Dakota Territory.

On the 20th of the same month Daniel T. Hedges was appointed administrator of the estate of John Hawkins, and on the 14th of November following he filed his petition of intervention, claiming the property as such administrator.

On the 20th day of October, 1866, the plaintiff was appointed administrator of the estate of John Hawkins, by the probate court of Union county, Dakota Territory, and on the 21st of September, 1868, he filed his petition of intervention claiming the property as such administrator. The court found that as between Christy and Vest, Christy was entitled to the possession of the property; but, that Daniel T. Hedges having been first appointed administrator, was, as such admin-

istrator, entitled to the possession of the property. The court rendered judgment in favor of Hedges for the possession of the property, and for its value in the event of the failure of Christy to deliver him the possession.

Afterward the court rendered judgment against Parmer, the surety in the replevin bond, for the value of the property. Very many collateral questions arise, which we have omitted from the statement, in order that the real question involved may be more distinctly presented.

It is apparent that the original possession of Christy was lawful, and that as against Vest he was entitled to the possession, and so the court below found. Having obtained the possession of the property by the writ of replevin, he had a right to convey it back to the Territory of Dakota, being liable upon his bond to Vest for the value of whatever interest he might establish in the property. Whatever interest, therefore, Hedges has in the property, he derived it from his appointment as administrator.

The county court has power to grant administration of the estates of all persons who, at the time of their death, were residents of the county, or who die non-residents of the State, having property to be administered upon in the county, or when such property is afterward brought into the county. Rev., § 2304.

Hawkins was not a resident of Woodbury county when he died, nor did he have any property there. It is true the property in question was brought into the county after his death, but this was done for a special purpose. And it was removed before the administrator was appointed. No fact existed at the time of the time of the appointment of Hedges as administrator, which conferred upon the county court of Woodbury county jurisdiction over the estate of the decedent. Hence Hedges, at the time of trial, had no right to the property.

Even if Hedges had been entitled to the possession of the property, the judgment in his favor upon the replevin bond would be erroneous. This bond was given for the benefit of Vest. The obligors thereon were liable to him for the value

of his right of possession, if the possession was adjudged to him. But when he was found not entitled to the possession, the liability upon the bond ceased. There was no authority for holding the surety upon the bond liable in a different degree, and to a party who claimed under a title entirely distinct from, and having no connection with that of Vest.

Reversed.