OLSON *v.* PREFERRED AUTOMOBILE INSURANCE CO.

1. EXECUTORS AND ADMINISTRATORS—FOREIGN RESIDENT—"ESTATE" DEFINED.

"Estate" of deceased person residing in foreign State at time of death, within meaning of statute authorizing administration of his estate in any county in this State where there shall be such estate to be administered, includes all kinds of property which deceased left at time of death (3 Comp. Laws 1929, § 15585).

2. SAME—ACTION—FOREIGN ADMINISTRATOR.

Administrator appointed in another State may not maintain action in this State.

3. SAME—PROBATE COURT—JURISDICTION TO APPOINT ADMINISTRATOR.

Probate court has no jurisdiction to appoint administrator of estate of deceased person residing in another State at time of death unless deceased left estate in said county to be administered (3 Comp. Laws 1929, § 15585).

4. SAME—COLLATERAL ATTACK.

Where it appeared from face of petition for appointment of administrator that probate court was without jurisdiction to make such appointment, it was open to collateral attack (3 Comp. Laws 1929, § 15521).

5. SAME—FOREIGN RESIDENT—ESTATE—APPOINTMENT OF ADMINISTRATOR.

Where only estate resident of foreign State had in this State at time of death was claim against automobile insurance company arising out of judgment against him in Gogebic county, which could be sued on only in Kent county, decedent left no estate which would authorize appointment of administrator in Gogebic county (3 Comp. Laws 1929, § 15585).

Appeal from Gogebic; Driscoll (George O.), J. Submitted June 14, 1932. (Docket No. 117, Calendar No. 36,480.)   Decided September 16, 1932.

Assumpsit by Walter R. Olson, as administrator of the estate of Demetrio Castantini, deceased, against Preferred Automobile Insurance Company, a Michigan corporation, on an insurance policy. Judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*Baird & Rummel,* for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.* (*Harry E. Rodgers,* of counsel), for defendant.

Sharpe, J. Renates Tregonning brought an action in the circuit court for the county of Gogebic on September 25, 1926, against Demetrio Castantini to recover damages for an injury sustained, due to the negligence of the defendant therein in the operation of his automobile, and had verdict and judgment on December 8, 1926, in the sum of $2,104.50. On review by writ of error, this judgment was affirmed by this court on June 22, 1928 (243 Mich. 233), and remittitur sent to the circuit court. It appears, however, that, pending the hearing in this court, the defendant died, on January 31, 1928.

At the time of the collision, Castantini was a resident of the State of Wisconsin, and continued to be until the time of his death. On March 26, 1928, Rosina Castantini, his widow, filed a petition in the county court of Iron county, in the State of Wisconsin, averring that the deceased at the time of his death owned real estate of the probable value of $8,000 and personalty of the probable value of $5,000. At a hearing thereon, Emanuel DeMeio was duly appointed administrator. Claims were thereafter presented and allowed, the final account of the administrator filed and allowed, and an order made on July 9, 1930, assigning the estate and discharging the administrator.

It further appears that at the time of the accident Castantini had a policy of insurance in the Preferred Automobile Insurance Company, the defendant herein, insuring him—

"against loss and expense including the payment of any judgment arising or resulting from claims upon the assured for damages by reason of the ownership, maintenance or use"—

of the automobile which caused the accident. Liability was limited to the amount of $5,000 for one

person injured or killed, or $10,000 for any one accident.

It also appears that one Frank Kanieski, who was riding with Tregonning at the time of the accident, was also injured thereby; that he also brought suit and recovered a judgment therefor. He filed a petition in the probate court for the county of Gogebic on September 17, 1929, praying for the appointment of an administrator of the estate of Demetrio Castantini, deceased. On October 15, 1929, an order was entered pursuant thereto appointing the plaintiff administrator. The claims of Tregonning and Kanieski on these judgments were thereafter presented and allowed. On March 28, 1930, plaintiff, as such administrator, brought this action to recover from the defendant company, under its policy, the amount of the claim allowed in favor of Tregonning, and, on trial before the court without a jury, had judgment in the sum of $2,602.25, from which the defendant has taken this appeal. The serious question presented is whether the probate court of Gogebic county had jurisdiction to appoint the plaintiff administrator.

The applicable statute (3 Comp. Laws 1929, § 15585) reads as follows:

"When any person shall die intestate, being an inhabitant of this State, letters of administration of his estate shall be granted by the probate court of the county of which he was an inhabitant, or resident at the time of his death; if such deceased person, at the time of his death, resided in any other State or country, leaving estate to be administered in this State, administration thereof shall be granted by the probate court of any county in which there shall be estate to be administered; and the administration first legally granted shall extend to all the estate of the deceased in this State, and shall exclude the ju-

risdiction of the probate court of every other county.''

The term ''estate'' as used in this section includes all kinds of property which the deceased left at the time of his death. It seems to be the well-settled law in this State that an administrator appointed in another State cannot maintain an action in this State. *Jones* v. *Turner*, 249 Mich. 403. The jurisdiction of the probate court to appoint the plaintiff administrator was therefore dependent upon the fact that an estate in the county of Gogebic to be administered in this State was left by the deceased (a resident of Wisconsin at the time of his death). In the petition filed therefor by the plaintiff, he stated that he was interested in the estate as a creditor, having recovered a judgment against the deceased which was unsatisfied. He further stated:

''I further represent that said deceased was at the time of his death an inhabitant of the city of Hurley, in the State of Wisconsin, and that he left estate within said county of Gogebic in said State of Michigan to be administered, which said estate consists of liability to said deceased on the part of the Preferred Automobile Insurance Exchange and the Preferred Automobile Insurance Company on account of a certain policy of public liability insurance issued by said Preferred Automobile Insurance Exchange to said deceased upon a certain Cleveland sedan automobile, liability under said policy arising by virtue of the aforesaid judgment of said petitioner against said deceased, said judgment being for damages sustained by petitioner on account of the negligent operation by deceased of the Cleveland sedan automobile covered by said policy of insurance.''

The deceased signed a written application for insurance and the policy was issued by the defendant

at its office in the city of Grand Rapids. The declaration alleges that the defendant "is a corporation organized and existing under and by virtue of the laws of the State of Michigan." Had the deceased been living at the time the judgment in favor of Tregonning was affirmed by this court, he would have had a right of action against the defendant to recover the amount thereof. The record does not disclose that the defendant was authorized to do business in the State of Wisconsin, nor that such an action might, under the laws of that State, have been there instituted; and, had such action been brought in this State, the circuit court for the county of Kent alone would have had jurisdiction. *Kammeier* v. *Muskegon Circuit Judge,* 225 Mich. 597.

The only estate of the deceased alleged to have been left by him in the county of Gogebic consisted of the liability of the defendant to the deceased under its policy of insurance. The claim therefor could not have been maintained by the deceased in his lifetime in the county of Gogebic, and the mere fact that the judgment was secured in the circuit court in that county did not cause the liability of the defendant under its policy to become an estate to be there administered. In our opinion the petition presented conferred no jurisdiction upon the probate court to appoint the plaintiff administrator. *Scholten* v. *Scholten,* 238 Mich. 679.

It is urged that such action is not open to collateral attack. 3 Comp. Laws 1929, § 15521, reads as follows:

"Jurisdiction assumed in any case by a judge of probate, so far as it depends on the place of residence of any person, or the location of his estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in

the original case, or when the want of jurisdiction appears on the same record."

The lack of jurisdiction clearly appeared upon the face of the petition and "may always be taken advantage of by the parties whose interests were prejudiced." *Gillett* v. *Needham*, 37 Mich. 143, 148. See, also, *General Motors Acceptance Corp.* v. *Ellar*, 243 Mich. 603; *Lamberton* v. *Pawloski*, 248 Mich. 330.

The judgment is vacated and set aside, with costs to appellant, and the cause remanded to the circuit court, with directions to enter a judgment for the defendant.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.