In re Estate of Arthur R. Shirley, Deceased, Indianapolis Forwarding Company, Appellee, v. Arthur W. Shirley, Appellant.

Gen. No. 44,397.

Opinion filed June 7, 1948. Rehearing denied June 21, 1948. Released for publication June 23, 1948.

ALBERT E. JENNER, JR. and GILBERT H. HENNESSEY, JR., both of Chicago, for appellant; WARNER H. ROBINSON, AARON GERCH and EDWARD E. LYNN, all of Chicago, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Appellant appeals from a judgment of the circuit court of Cook county affirming an order of the probate court denying his petition to revoke the letters of administration issued in the estate of Arthur R. Shirley, a deceased nonresident and father of petitioner. Neither the administrator nor the Indianapolis For-

warding Company, an Illinois corporation and petitioner for the letters of administration (hereafter called respondent), have followed the appeal to this court.

The letters of administration were issued on the petition of a creditor showing the death of decedent, a resident of Lebanon, Boone county, Indiana, but failing to allege that decedent left any real or personal estate in Illinois. The petition to revoke the letters attacks the jurisdiction of the probate court because decedent did not at any time have or leave any property or estate to be administered in Cook county. The answer of the respondent averred that there was an estate in Cook county consisting of a right of action by the deceased upon an insurance policy issued by the State Automobile Insurance Association of Indianapolis, Indiana, insuring deceased against liability to the general public for bodily injury and property damage caused by the negligent use or operation of decedent's automobile; that respondent's automobile truck was greatly damaged through the negligence of decedent in a collision with decedent's automobile in Lebanon, Indiana on August 2, 1945; that decedent died on the same day as the result of injuries sustained in the collision; that respondent has brought suit in Cook county against the administrator, whose letters petitioner seeks to revoke, to recover for the property damage sustained by it in the collision; that the insurance company, at the request of the administrator, has furnished the defense to that suit and any judgment recovered by respondent against the administrator can be satisfied only by a proceeding thereafter against the insurance company; that the insurance company on June 5, 1940, qualified to do business in the State of Illinois and has actually done business in the State at all times since that date; that it has appointed the Director of Insurance of the State of Illinois as an agent for the service of process in Illinois. No question of fact has been raised.

On the hearing in the trial court an agent of the insurance company admitted that the company had been continuously, since June 5, 1940, qualified to do business in the State of Illinois and that it had done such business. He denied, however, without contradiction that the company had ever had an office in the County of Cook or done any business in that county. Under section 54 of the Probate Act [Ill. Rev. Stat. 1947, ch. 3, par. 206; Jones Ill. Stats. Ann. 110.303], administration of the estate of a decedent who has neither a mansion house, real estate nor a known place of residence in this State is in the county where the greater part of his personal estate is located at the time of his death. By section 55 it is provided that for the purpose of granting administration of estates of nonresident decedents "the situs of intangible personal estate is where the instrument evidencing a debt, obligation, stock or chose in action happens to be, or where the debtor resides, if there is no instrument evidencing the debt, obligation, or chose in action in this State." It is not claimed that the policy of insurance was ever in the State of Illinois, and the right to administer the estate of the insured in Cook county depends upon whether or not the situs of the right of action by the insured on the policy is in the county. The principles are announced in *Furst v. Brady,* 375 Ill. 425. In that case Brady, the decedent, was insured by the Utilities Insurance Company of St. Louis, Mo., licensed to do business in this State; he died as the result of a collision between his automobile and another in Stephenson county, Illinois; several persons in the other car, injured in the collision and seeking to enforce their claims, procured the appointment of an administrator of Brady's estate in Stephenson county, relying upon Brady's right of action against the insurance company as the sole asset of the estate in Stephenson county. The Supreme Court held that the insurance company, being licensed to do business in this State, is regarded as a resident of Illinois; that under the statute then

in force (Ill. Rev. Stat. 1939, ch. 148, par. 10) fixing the situs "of simple contract debts and other choses in action, where the debtor resides," the insurance contract had situs in Illinois, and that "The insurance contract, and the liability thereunder, are personal estate of the decedent with a *situs* in Stephenson county." In distinguishing the case of *Olson v. Preferred Automobile Ins. Co.,* 259 Mich. 612, wherein it was held that administration of the estate of a nonresident could not be had in a county in Michigan in which the insurance company, a domestic corporation, could not be sued, the court said (p. 434):

"Section 8 (1) of the Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, par. 132) provides that civil actions may be commenced against any private corporation in the county in which such corporation has its principal office or is doing business or 'in which the transaction or some part thereof occurred out of which the cause of action arose.' Paragraph 2 of the same section provides that civil actions against insurance companies may be brought in the county where the plaintiff resides. Obviously, paragraph 2 does not apply to nonresident plaintiffs. It is equally manifest that the quoted words of paragraph 1 of section 8 apply to this case. It follows that if Brady were living, Stephenson county would be a proper jurisdiction for an action by him against the insurer on the policy of insurance. This right passed to his administrator as an asset of the estate. The *Olson case, supra,* is not persuasive here except from the implication that the insurer's liability is an asset in any county where the insurer is suable."

There is nothing in the record to indicate that the Missouri corporation had an office or was doing business in Stephenson county. The issuance of letters of administration was upheld because, under the provisions of section 8 (1) of the Practice Act, action on the insurance policy in Stephenson county could have been

maintained by Brady, if living, because in Stephenson county "the transaction or some part thereof occurred out of which the cause of action arose." In the present case this jurisdictional fact is missing. The collision giving rise to decedent's right of action against the insurer, if held liable to persons injured or sustaining property damage through the collision, occurred in Lebanon, Indiana, ánd there was no transaction or any part of a transaction in Cook county upon which venue there could be based. It not being shown that the Indiana insurance company had an óffice or was doing business in Cook county, the other provisions of paragraph 1 of section 8 do not apply. Decedent having no right of action in Cook county against the insurer at the time of his death, there was no estate in the county and letters of administration were erroneously issued.

The order appealed from is reversed and the cause remanded with directions to revoke the letters of administration.

*Reversed and remanded with directions.*

FEINBERG, J., concurs.