M. E. LIBERTY, administrator, appellee, v. BETTY KINNEY, appellant.

No. 47841.

(Reported in 47 N.W.2d 835)

Stilwill, Brackney, Stilwill & Wilson, of Sioux City, for appellant.

Hutchison & Hurst, of Sioux City, for appellee.

THOMPSON, J.—Dwayne Douglas Kinney, a resident of the state of California, was killed in a collision between an automobile owned and operated by him and a bus owned by Sioux Lines, Inc., of Sioux City, Iowa, on June 16, 1948. The accident occurred in Plymouth County, Iowa. On March 18, 1950, M. E. Liberty made application to the district court of said county for letters of administration upon the estate of the decedent Kinney, and he was appointed upon March 20, 1950. His application was made on behalf of an alleged creditor of the estate, the above named Sioux Lines, Inc. No administration had been had in California, and no previous application had been made in Plymouth County, Iowa.

Upon April 4, 1950, Betty Kinney, the widow of Dwayne Douglas Kinney, filed her application to set aside the appointment, the material ground asserted being that the decedent having been a nonresident of the state of Iowa it was necessary that at the time of his death, or at the time of the appointment, he or his estate have property in the county where the appointment was made; and that there was no such property. This is the major issue in the case; in fact, the only one, except that in determining it two related points, one of which is entirely evidentiary, are important.

In view of the caption of the case as it comes to us it seems advisable to comment that Betty Kinney is in fact the movant and therefore will be designated in this opinion as plain-

tiff; while M. E. Liberty is the resister and will be referred to as the defendant.

Jurisdiction over the estates of nonresident decedents is determined by section 604.3, paragraph 1, Code of 1950, which is set out herewith:

"Probate the wills of, and to grant administration upon the estates of, all persons who at the time of their death were residents of the county, and of nonresidents of the state who die leaving property within the county subject to administration, or whose property is afterwards brought into the county."

■ It needs no citation of authority for the proposition that in the absence of property within the county subject to administration, or property afterward brought into the county, there is no jurisdiction to make an appointment. Death alone is not sufficient to warrant administration; there must be something to administer. See Christy v. Vest, 36 Iowa 285.

Defendant recognizes the soundness of this well-established principle and meets it by alleging and showing that at the time of his death decedent owned a casualty insurance policy issued by a California company licensed in Iowa, protecting him from judgments rendered against him because of the negligent operation of his automobile by himself or by another with his consent. This is the important point in the case. Decedent's legal residence in California and that he left no other property which could be the subject of administration in Iowa are conceded. Plaintiff contends primarily that such an insurance policy is not such property as will support administration; and secondarily thereto urges that there is no competent evidence showing that the company issuing such policy was licensed to do business in Iowa; and further, that under the record herein the policy having been held in Woodbury County, Iowa, at the time the administration was had, its situs was not in Plymouth County and the issuance of letters there should have been set aside for that reason.

■ I. The question of whether ownership of an insurance policy indemnifying the holder against liability for personal injury and property damage incurred through the operation of an automobile is such property as meets the requirements of section 604.3, paragraph 1, set forth above, has never been de-

termined in Iowa. There are, however, pronouncements of courts in other jurisdictions upon the subject. A majority of them uphold the grant of administration. Ownership of a casualty insurance policy is said to be a property right, in that it contingently at least protects the holder against loss in case liability is established. Also, it is held that the insurer is a debtor of the insured, and that the situs of the debt is at the residence of the debtor—in this case, the insurance company. Here the fact, if it be a fact, that the company is licensed to do business in the state where the administration is had, is important, because it then becomes a resident of that state; and, under the theory that it is a debtor of its insured, the debt is property of the insured, the decedent, in the administering state.

Robinson v. Dana's Estate, 87 N. H. 114, 174 A. 772, 94 A. L. R. 1437, is the earliest of the cases which have upheld the right of administration under these circumstances. Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105, and In re Vilas Estate, 166 Or. 115, 110 P.2d 940, follow the same rule. There are no substantial differences in the statutes of these states from the Iowa law, and the reasoning in each is applicable to the situation which we are discussing here. Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606, 133 A. L. R. 558, is perhaps closer in fact than any of the others to our situation. There the decedent, Brady, a resident of the state of Missouri, was killed in an automobile accident in Stephenson County, Illinois, while passing through it. He left no property in Illinois other than a casualty insurance policy issued by a Missouri company licensed to do business in Illinois. Administration was taken upon his estate in Stephenson County, and application made to set it aside because there was no property of decedent in that county. The Illinois Supreme Court, in holding that the administration was proper, followed Robinson v. Dana's Estate and Gordon v. Shea, both supra, saying that the principles discussed and decided in those cases were applicable to the case at bar and that they could not be distinguished. Its determination was expressed thus: "The insurance contract, and the liability thereunder, are personal estate of the decedent with a situs in Stephenson County." Furst v. Brady, supra, at page 432 of 375 Ill., page 609 of 31 N.E.2d.

■ The general rule is that for purposes of administration simple contract debts are assets in the locality where the debtor resides. This is the theory of the cases cited above, and is so expressed in 33 C. J. S., Executors and Administrators, section 20g(2), at page 901, and in 21 Am. Jur., section 50, at 402.

The plaintiff cites In re Rogers Estate, 164 Kan. 492, 190 P.2d 857. It must be admitted that this case announces an opposite rule from those relied upon by the defendant. The Kansas court follows what it says is a long line of precedents in that state, in holding that the situs of all personal property, of whatever kind or nature, is at the domicile of the owner upon his death. It disregarded the theory that the situs of a debt may be at the residence of the debtor, and held that the decedent having been a resident of another state, the location of all his personal property, including whatever rights he may have had in his liability insurance policy or whatever claims he may have had against the insurer, contingent or otherwise, were his property in the state of North Carolina, his residence at his death.

Olson v. Preferred Automobile Ins. Co., 259 Mich. 612, 244 N.W. 178, relied upon somewhat by the plaintiff, is not in point. Here the nonresident decedent had a policy in a Michigan insurance company. Under the Michigan statute this company could be sued only at its home office. Administration was had in another county and suit was brought there. The Michigan Supreme Court held that the policy was not such property as would support administration in a county where the insurer could not be sued. The case turns upon the proper venue for a suit against the insurer. It does not hold that administration could not have been had in the county where an action against the insurance company would lie, and so in no manner refutes the defendant's position here.

In re Estate of Shirley v. Shirley, 334 Ill. App. 590, 594, 80 N.E.2d 99, 101, is likewise not helpful to plaintiff. It turns upon the same point as Olson v. Preferred Automobile Ins. Co., supra. The accident involved occurred in the state of Indiana. The insurance company involved had its principal place of business in Indiana, but was licensed to do business in Illinois. The administration was sought in Cook County, Illinois. The intermediate appellate court in Illinois distinguished Furst v. Brady,

supra, and held that letters could not be issued by the probate court of Cook County because no cause of action existed in that county. It said: "* * * there was no transaction or any part of a transaction in Cook County upon which venue there could be based. It not being shown that the Indiana insurance company had an office or was doing business in Cook County, the other provisions of paragraph 1 of section 8 do not apply. Decedent having no right of action in Cook County against the insurer at the time of his death, there was no estate in the county and letters of administration were erroneously issued."

The court also pointed out that an applicable Illinois statute provided that civil actions might be commenced against a private corporation in the county " 'in which the transaction or some part thereof occurred out of which the cause of action arose.' " Illinois Rev. Stat., 1949, chapter 110, section 132(1). It is evident that if the collision had happened in an Illinois county a grant of administration in that county would have been upheld. Here it is material to point out that Iowa permits suits against insurance companies in the county "in which the loss insured against occurred * * *." Section 616.10, Code of 1950. In the case under consideration this was Plymouth County.

We believe the majority holding announced in Robinson v. Dana's Estate, supra, and in the other cases following it, above-cited, is sound in principle and prefer to follow it.

■■ II. Some contention arises between the parties over the question of the actual situs of the insurance policy. It appears that at the time of the collision and of the death of the decedent the policy was in California. Some time afterward it came into the possession of the plaintiff in Plymouth County, but at the time administration was granted was in the hands of her attorney in Woodbury County. The briefs of opposing counsel deal somewhat extensively with the question of constructive possession. We do not find it necessary to decide the point. The actual physical situs of the policy was of no importance. We have pointed out in Division I hereof that the policy is merely evidence of a debt, and that for the purposes of this case the situs of the debt is at the residence of the debtor. Granted that a proper showing is made that the insurance company was licensed to do business in Iowa, it could thereupon be sued in any

county where the loss occurred (section 616.10, Code of 1950). This was Plymouth County.

So, the insurance company, the debtor, being a resident of the state of Iowa (if it is properly so proven), the situs of the debt was in Iowa; and, moreover, it was in the county where suit might be brought upon the policy—in other words, "where the loss arose," in the terms of the statute above referred to. If Dwayne Douglas Kinney had lived he might have brought suit upon the policy, assuming he suffered a loss under it, in Plymouth County; hence it was an asset of his estate in that county. And this is without regard to the actual location of the policy itself. It is pointed out in Furst v. Brady, supra, that "decedent did not have the policy with him in Stephenson County, and the record does not show it has ever been in Illinois." (At page 428 of 375 Ill., page 608 of 31 N.E.2d.) But appointment of an administrator in that county was upheld.

It is the situs of the obligation represented by the policy, the place where action may be brought upon it, rather than the policy itself, that is controlling. This gives and determines the jurisdiction for appointment of an administrator.

■ III. The remaining problem is one of evidence. It involves the question of whether there was competent evidence to prove that the California insurance carrier was admitted to do business in Iowa. We have discussed the issues in Divisions I and II upon the theory that such showing is necessary, and we so hold. The reasoning of both preceding divisions is sound only if a license to do business in the state, and so residence of the insurer therein, is properly and sufficiently proven.

■■ Defendant relies upon two items of evidence for proof at this point. On July 9, 1948, the insurer, Farmers Insurance Exchange, filed with the Safety Responsibility and Drivers License Division of the Department of Public Safety of the State of Iowa a form (SR-21) certifying that on the date of the accident, June 16, 1948, the decedent had a policy of casualty insurance issued by the named company. A copy of this form was certified by a proper official of the department and was offered and received in evidence at the time of the hearing herein. The certificate of the official was somewhat lengthy and contained the statement that the company was licensed to do business in the

state of Iowa. Proper objection was made as to this part of the certificate. Two letters from the insurer to the department were also introduced in evidence, again over proper objection; and here again a proper official of the state of Iowa certified that the company was licensed to do business in the state. The objections in each case should have been sustained. Section 622.43, Code of 1950, permits only the introduction of properly certified copies of public records. The certificate should be confined to the authenticity of the records, and may not include statements of other matters. The officials in their references to the licensing of the company in Iowa were not certifying to copies of public records, and their statements in that regard were hearsay. 32 C. J. S., Evidence, section 640, page 503.

Defendant attempts to sustain the sufficiency of the showing of the insurance carrier's license to operate in Iowa by the contention that only companies so licensed are permitted to file the form SR-21, and that said certificate could not and would not otherwise have been accepted by the Department of Public Safety. But section 321A.20, a part of the law of Iowa dealing with financial responsibility of motor vehicle operators, and by which the filing of the SR-21 form is governed, says:

"1. *The nonresident owner of a motor vehicle not registered in this state may give proof of financial responsibility by filing with the commissioner a written certificate or certificates of an insurance carrier authorized to transact business in the state in which the motor vehicle, or motor vehicles, described in such certificate is registered * * *.*" (Italics supplied.)

Under this section a nonresident, nonlicensed company might file.

We conclude that there was no competent evidence of the licensing of the insurer in Iowa. The cause must be remanded for such further showing on this point as defendant may be advised to make. Costs taxed are three fourths to plaintiff, Betty Kinney, and one fourth to defendant, M. E. Liberty.—Reversed and remanded.

All JUSTICES concur.