66 N.W.2d 920 (1954)
In the Matter of the ESTATE of Sam FAGIN, Deceased.
Kenneth M. DUNLOP, Administrator of the Estate of Sam Fagin, Deceased, in Johnson County, Iowa, Resistant-Appellee,
v.
W. S. WEINSTEIN, Administrator with Will annexed of the Estate of Sam Fagin, Deceased, in Rock Island County, Illinois, Applicant-Appellant.
Ralph L. Pilger, Eileen Pilger and Ralph Pilger, Jr., by Ralph L. Pilger, his father and next friend, Claimants.
No. 48594.
Supreme Court of Iowa.
November 16, 1954.
Rehearing Denied January 14, 1955.
*921 John D. Randall, Cedar Rapids, for appellant.
D. C. Nolan and Kenneth M. Dunlop, pro se, Iowa City, for appellee.
D. C. Nolan and William M. Tucker, Iowa City, for claimants.
SMITH, Justice.
On January 15, 1954, Sam Fagin, of Rock Island County, Illinois, was killed in an automobile collision in Johnson County, Iowa. January 23, 1954, the probate court of Rock Island County appointed W. S. Weinstein of that county administrator with will annexed of his estate.
March 26, 1954, R. L. Pilger as a claimed "creditor of decedent for damages sustained * * * in an automobile accident January 15, 1954," applied for and procured the appointment in Johnson County, Iowa, of Kenneth H. Dunlop as administrator of Mr. Fagin's estate. On April 7 claims were filed therein on behalf of Pilger, his wife and minor son, aggregating $45,000 and alleging they "arose out of an automobile accident * * * and in one car there was Ralph L. Pilger, Eileen Pilger and the son Ralph Pilger, Jr., a minor, and the other car was owned and operated by Sam Fagin." Pilgers are also residents of Rock Island County, Illinois.
On April 29 the present proceeding was commenced by the Illinois administrator, Weinstein, to set aside the Iowa appointment of Dunlop. His application alleged decedent had no property in Johnson County subject to administration and that the district court thereof had no jurisdiction to make said appointment.
Since he was attacking an accomplished appointment it would seem he was in the position of a plaintiff, notwithstanding the caption as it appears in the record; and that as such he would have had the burden of proving the contention that the appointment of the Iowa administrator should be set aside.
However his opponent accepted the burden of upholding the appointment and we need not canvass that question.
The trial court denied the application and Weinstein has appealed. We shall refer to him as appellant and to Dunlop as appellee. The claimants (Pilgers) have not appealed or filed any brief in this court.
I. We have heretofore held that if a nonresident decedent incurs liability covered by a public liability insurance policy issued by a company licensed to do business in Iowa the cause of action therefor is property of decedent's estate authorizing administration in the county where such liability is incurred. Liberty v. Kinney, 242 Iowa 656, 47 N.W.2d 835. The matter has, since that decision been settled by *922 statute, Acts 54 G.A. ch. 133, § 2, section 321.512, Iowa Code 1954, I.C.A.
II. Appellant urges that the petition for appointment in Johnson County affirmatively revealed decedent Fagin left no property in that county because it alleged he "left ____ personal property of the probable value of ____" and that he "died seized of ____ real estate."
We do not so interpret the language. The blanks mean rather that petitioner did not know the extent or details of decedent's property. Had the application been a pleading in an adversary proceeding it might have been vulnerable to attack by motion. But the legality of the appointment is dependent, not on the sufficiency of the language of the application as against attack by motion, but on the actual existence of facts to support it. No form of petition is provided by statute for such appointment. Crawford County v. Kock's Estate, 227 Iowa 1235, 290 N.W. 682. Had the application contained no allegation respecting property the court might have refused to appoint or might have inquired in some other way as to the existence of the supporting facts. The language of the petition did not preclude such inquiry.
III. The real question here is the sufficiency of proof: (a) that decedent carried public liability and property damage insurance on his car; and (b) that his insuring company was licensed to transact business in Iowa.
Appellee went about the proof of decedent's insurance status by calling opposing counsel to the stand and interrogating him as to his employment. Over objection of irrelevancy, incompetency, immateriality and hearsay the attorney as a witness admitted that while he appeared for the Illinois administrator he had been employed by the Northwestern National Casualty Company of Milwaukee, Wisconsin, "to handle any litigation, and particularly the claims which have been filed in this proceeding." No objection was urged that the matters inquired into were confidential.
The witness however refused to testify explicitly that the named company carried insurance on decedent's car. The court took over the questioning and finally admonished the witness: "You know very well why you're employed and why don't you say so, instead of stalling around?"
Following this the witness again gave the name of the insurance company but disclaimed having with him in the court room his correspondence with his client which would probably have been confidential anyway.
Counsel for appellee then took the witness stand himself and told of his own employment by Pilger to present the claims of Mr. and Mrs. Pilger and their son against the estate. He testified that Pilger gave him the name of his own insurance company and its representative in Davenport; and that from the latter he learned the name of the Johnson & Schofer Adjusting Company in Moline that was "handling the investigation for the Sam Fagin side of the case." Through this adjusting company (he testified) he learned by correspondence and conversation with an associate that the adjustment company "represented the Northwestern National Casualty Company of Milwaukee, Wisconsin, which company carried the automobile insurance on the Sam Fagin automobile * * *."
The only objection urged to this testimony was that it was "irrelevant, incompetent, immaterial, and doesn't prove or tend to prove any issue in this case." Clearly the testimony was practically all hearsay but we do not find that objection urged. That part by which attempt was made to prove the adjusting company was the agent of the Northwestern Casualty was doubtless open also to an objection that the declarations and acts of an alleged agent are not admissible to prove his agency. Friedman v. City of Forest City, 239 Iowa 112, 126, 30 N.W.2d 752; Folsom v. Grove, 233 Iowa 1140, 1143, 11 N.W.2d 368.
The proceeding was unorthodox. Counsel on both sides might safely have collaborated *923 in presenting the fact situation as to decedent's insurance coverage (evidently known to both) without endangering their respective legal contentions. Even without such collaboration appellee might have developed the fact by appropriate deposition or direct testimony of a qualified witness instead of resorting to mere hearsay declarations, a precarious method at best.
Appellant argues this testimony was incompetent, irrelevant and immaterial and "there was no need to further object * * * with respect to * * * hearsay, secondary evidence or any of the other objections which might have been made."
In this he is mistaken. The subject matter was relevant and material. The manner of proof only was questionable. And we have to consider here the question of the weight, if any, to be given hearsay testimony to which the hearsay objection was not urged. It must be conceded various views on the question have been expressed by text writers, ranging from one denying it any probative value, 32 C.J.S., Evidence, § 1034, to one saying "it may properly be considered and given its natural probative effect," 20 Am.Jur., Evidence, § 452, page 401.
The latter statement is based in part upon citation of Spiller v. Atchison, T. & S. F. R. Co., 253 U.S. 117, 40 S.Ct. 466, 64 L.Ed. 810; Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann.Cas.1913C, 1138; and Barlow v. Verrill, 88 N.H. 25, 183 A. 857, 104 A.L.R. 1126.
But back of it is the thorough Annotation, 104 A.L.R. 1130, in which the conclusion is reached: "It has been held almost universally (apparently only four or five jurisdictions taking a contrary view * * *) that when hearsay testimony is admitted without objection it may properly be considered and given its natural probative effect as if it were in law admissible, the only question being with regard to how much weight should be given thereto."
It is to be noted each text cites an Iowa authority but we deem neither case conclusive here. Vacuum Oil Co. v. Carstens, 211 Iowa 1129, 231 N.W. 380; and Reid v. Automatic Electric Washer Co., 189 Iowa 964, 179 N.W. 323. See now our pronouncement in Walker v. City of Clinton, 244 Iowa 1099, 1111, 59 N.W.2d 785.
One of the U. S. Supreme Court cases cited above, Spiller v. Atchison T. & S. F. R. Co. emphasizes the fact the hearsay evidence "was substantially corroborated by original evidence clearly admissible" 253 U.S. at page 131, 40 S.Ct. at page 472. And the annotator above referred to also points out that courts have held unobjected to hearsay to be "available only for whatever it was worth upon its face"; or to be considered "subject to any infirmative suggestions due to its inherent weakness."
Manifestly we cannot here analyze and discuss the many cases bearing in various ways and degrees upon the question. We should remember the nature of the instant case and its implications. The admission of appellant's attorney as a witness that he had been employed by the insurance company "to handle any litigation, and particularly the claims which have been filed in this proceeding" has undoubted corroborative strength suggesting decedent's car was insured by that company against such claims as had been filed by the Pilgers.
Again, it should be considered that if such insurance was not carried by decedent the fact would have been easily provable by appellant who offered no evidence. The evidence on the subject may even be said to have been exclusively in the possession of appellant and his attorney.
The trial was at law and in the absence of any conflict we are not prepared to say there was no evidence sufficient to uphold the appointment of the Iowa administrator. See also text 20 Am.Jur., Evidence, §§ 1185, 1195.
IV. There is no serious contention as to the fact that the Northwestern National Casualty Company was authorized to do business in Iowa. It was shown by properly *924 attested certification by the Iowa Commissioner of Insurance.
V. There are some other matters argued however. Two resistances were filed to appellant's "application to set aside appointment," one on behalf of the Iowa administrator, the other by the Pilgers as claimants against the estate. The first was filed before trial, the other was handed to appellant's attorney at the time of the hearing (May 14) but was not marked "filed" until May 20.
At the hearing the same attorney appeared for both the administrator and the claimants. This he had a right to do, just as appellant's attorney had the right to represent both the Illinois administrator and the insurance company. The fact that claimant's resistance was not technically marked filed is unimportant inasmuch as the record shows both attorneys and the court had it before them during the hearing the same as if filed and the filing mark was subsequently added. There was no error.
VI. Nor did the fact Mr. Pilger was also a resident of Rock Island County, Illinois, create any legal obstacle to the Iowa appointment upon his petition. The fact decedent also lived there can make no difference. Appellant argues the Iowa administration was unnecessary in view of that fact. Our statute expressly allows appointment on application of creditors of the estate, section 633.39, Iowa Code, 1954, I.C.A., and we know of no restriction upon appointment under Code section 604.3, I.C.A., limiting the right to creditors of Iowa or denying it to residents of decedent's home jurisdiction.
The fact that claimants reside in Rock Island County where decedent lived at the time of his death might or might not render ancillary administration in Johnson County, Iowa, "unnecessary." It did not make such administration illegal. See 21 Am.Jur., Executors and Administrators, § 875; Annotation 106 A.L.R. 894; Restatement, Conflict of Laws, § 495. In fact, a reasonable argument might well be made in favor of such administration based on the probability that the evidence of either party would be more readily available where the injury occurred.
VII. Finally, it should be remembered that proceedings such as are involved here, seeking the appointment of administrators, are not adversary nor personal. They are special proceedings in rem. 33 C.J.S. Executors and Administrators, § 50; 21 Am.Jur., Executors and Administrators, § 12. The legality of the appointment is not dependent upon acquiring personal jurisdiction of any non-resident by personal or substituted service.
This is not an action against a non-resident such as might have been brought against Mr. Fagin had he survived the collision in which the Pilgers claim they were injured. Nor is it an action against the administrator of Mr. Fagin's estate in Illinois. The legislation assuming to make such actions possible is in no way involved here.
The Iowa administrator has jurisdiction only of whatever property of the estate may be in Iowa. If it shall develop there is none, or that Pilger's have no enforceable claims, decedent's general estate represented by appellant will have suffered no loss. Nor will appellant and the estate he represents suffer any damage if the Pilger claims be established. Appellee (Iowa administrator) will have recourse only against the Iowa property, viz., whatever insurance coverage decedent carried on his automobile subject to such claims. No one claims any other property is threatened.
In ultimate effect appellant is not the real party in interest. The real party is the insurance company and the real issue whether it must defend in Iowa where the collision occurred, or in decedent's home jurisdiction where there is pending general administration on his estate.
A consideration of the entire record convinces us the decision of the trial court must be affirmed and it is so ordered.
Affirmed.
*925 GARFIELD, C. J., and OLIVER, WENNERSTRUM, THOMPSON and LARSON, JJ., concur.
MULRONEY, BLISS and HAYS, JJ., dissent.
MULRONEY, Justice (dissenting).
I respectfully dissent. The law governing this case is Section 321.512, Code 1954, I.C.A., providing as follows:
"Any contract insuring the liability of a nonresident motorist in Iowa shall, in the event of the death of said nonresident, be considered an asset of his estate having a situs in Iowa in any civil action arising out of a motor vehicle accident in which said nonresident may be liable."
The history of the above statute is of some interest. Every state in the United States has what is generally called a Nonresident Motorist Service Act. See Knoop v. Anderson, D.C., 71 F.Supp. 832. Iowa's law appears in the Code under the heading "Actions Against Nonresidents" in Sections 321.498 to 321.512, Code 1954, I.C.A. Originally our statute, like all such statutes, provided the operation of a motor vehicle upon the highways of this state shall be deemed to constitute a designation of a certain public officer as service agent in actions growing out of such operation in this state. The statute did not cover the case where the nonresident motorist died before suit could be brought. In 1941 the legislature amended Section 321.499 of the act to include within its provisions "the executor or administrator of the estate of the owner or operator of the motor vehicle." Chapter 179, Acts 49th G.A. So the law as it appeared in the 1946 Code, Sec. 321.499, par. 4, specifically included executors and administrators. In 1947 in the case of Knoop v. Anderson, D.C., 71 F.Supp. 832, Judge Graven of the Northern District of Iowa held the above provision in Sec. 321.499, Code 1946, providing for service on a foreign administrator invalid.[1] In 1951 the legislature again amended the act by Chapter 133, Laws of the 54th G.A. The first section of this last amendment struck out the provision in Sec. 321.499 which Judge Graven had found invalid and the second section is the provision that a liability policy will be an asset, quoted at the beginning of this dissenting opinion, which the code editor has placed at the end of the chapter and numbered Sec. 321.512, Code 1954, I.C.A.
I think it well to observe at the outset that we are dealing with suits against nonresidents and with our statutes governing such suits. The present law, Sec. 321.512, supra, is a part of our Nonresident Motorist Service law. In Jermaine v. Graf, 225 Iowa 1063, 283 N.W. 428, 430, we pointed out that we had "repeatedly held * * * (this law) * * * present[s] a method of procedure that is extraordinary in character, and allowed only because specially authorized." There too we stated:
"We have held that, such statutes being the only authority for the extraordinary procedure, to justify the procedure the facts recited in the statute must appear." (Citations.)
The present statute, Sec. 321.512, is narrowly drawn to reach the situation where the nonresident motorist perishes in the accident or before suit can be started, and where there is in existence a contract insuring his liability. It supplements the law covering the general situation governing suits against living nonresidents.
I. From the above it would seem that it was incumbent upon one who invokes the aid of the statute to have the jurisdictional fact of a liability contract, as we said in the Jermaine case, "appear." It certainly does not appear in the pleadings in the instant case. The attorney representing claimants, on whose application administration *926 was granted, did not even bother to allege there was such a contract. He later testified that he heard there was such a contract, and the record shows this bit of hearsay reached him weeks before he filed the application for Dunlop's appointment. When the appointment was challenged by the Illinois administrator the Iowa administrator filed a resistance but nowhere in the resistance did he allege the existence of a liability contract. In this resistance he stated he was unaware of the appointment of the Illinois administrator at the time he, Dunlop, was appointed in Iowa. And he alleges generally that he was of the belief "and has information to the effect that the said Sam Fagin, at the time of his death, did have sufficient property in Johnson County, Iowa to warrant his appointment * * *".
It did not appear from these pleadings that the Iowa appointment was based on Sec. 321.512, supra, or on a liability contract. There is another instrument in the record called resistance of the claimants which does allege a liability policy but it is not clear that this was filed and it fairly appears it was not considered by the trial court in his ruling.
From the above I feel it must be concluded the jurisdictional fact of the liability contract did not appear in the pleadings. It was not alleged or mentioned in any of the pleadings on which the parties went to trial. Let us see how this jurisdictional fact was made to appear in the evidence.
II. We first have the spectacle of counsel for the Iowa administrator trying to wring the jurisdictional fact from the understandably reluctant testimony of his adversary. Courts have long frowned upon counsel acting as advocate and witness in a trial. I think the act of placing opposing counsel on the witness stand should merit the same condemnation, especially when he is trying to prove a fact he did not allege and one that could easily be established by another witness, or a deposition, or perhaps by interrogatory. It is conceivable the specific allegation of a liability contract might not have been denied, for the challenge to the Iowa appointment indicates the Illinois administrator was relying on the fact that he was appointed first.
The majority opinion does not rely upon the evidence of the attorney for the Illinois administrator. The most that it does is show that in the present proceeding he is representing the Illinois administrator but over the objection of hearsay and "immaterial to any issue in this case" he did say he had been employed by the Northwestern Casualty Company of Milwaukee, Wisconsin to handle claims which had been filed in the estate.
The testimony on which the majority relies is the testimony of the administrator's counsel where he stated he had been told the adjustment company "represented the Northwestern National Casualty Company of Milwaukee, Wisconsin, which company carried the automobile insurance on the Sam Fagin automobile." This was received over the objection that it was "irrelevant, incompetent, and immaterial, and doesn't prove or tend to prove any issue in this case." It must be admitted it does not tend to prove any issue specifically pleaded. It was the purest hearsay but the objection was not on that ground, and the majority holds it was sufficient.
The general rule as stated in 32 C.J.S., Evidence, § 1034 is: "* * * it is commonly held that hearsay evidence, although admitted, has no probative value, is entitled to no weight, and cannot support a finding or judgment * * * although there is also authority for the view that hearsay evidence has probative force * * *."
I cannot find where we have ever departed from the "common" holding in the above rule. In Vacuum Oil Co. v. Carstens, 211 Iowa 1129, 231 N.W. 380, we held hearsay testimony of no probative value. The case of Reid v. Automatic E. W. Co., 189 Iowa 964, 179 N.W. 323, 328, cited in the majority opinion as indicating we have held hearsay evidence has probative force, merely holds that in arbitration proceedings under the Workmen's Compensation Law, I.C.A. § 85.1 et seq., hearsay evidence admitted *927 without objection must be considered. The opinion points out the Workmen's Compensation Act provides "`neither the commissioner nor the arbitration committee shall be bound by common law or statutory rules of evidence * * *.'" See Sec. 86.18, Code 1954, I.C.A.
I would hold the evidence insufficient. This is not to say the evidence was so unreal as to compel disbelief. It is merely recognition of a statutory rule of evidence. One who is proceeding under the nonresident motorist service statute owes some duty to make the procedure appear from pleadings or at least evidence which is not of doubtful probative value. It does not appear from the pleadings and even the majority would concede the evidence is much less strong than the plaintiff could have produced. Under the whole record I would reverse and do as we did in Liberty v. Kinney, 242 Iowa 656, 47 N.W.2d 835, remand the case for further proof of the statutory requirement. In this connection I would like to point out the statute does not require a liability contract with a company authorized to do business in Iowa, so I see no necessity for Division IV of the majority opinion.
BLISS and HAYS, JJ., join in this dissent.
NOTES
[1] This court had no opportunity to pass on the validity of the statute. But see Leighton v. Roper, 300 N.Y. 434, 91 N.E. 2d 876, 18 A.L.R.2d 537; Oviatt v. Garretson, 205 Ark. 792, 171 S.W.2d 287; and Plopa v. Du Pre, 327 Mich. 660, 42 N.W.2d 777, where similar statutes were held valid.