In Matter of Estate of Lozella Lawson, Also Known as Celia Lawson, Deceased.

Sylvan Lawson, and Clarence B. Davis, Appellants, v. Clarence B. Davis, Administrator of Estate of Lozella Lawson, Also Known as Celia Lawson, Deceased, Appellee.

Gen. No. 10,178.

Third District.

September 25, 1958.

Released for publication October 14, 1958.

Olsen & Cantrill, of Springfield, for plaintiffs-appellants.

Frederick R. Pefferle, of Springfield, for defendant-appellee.

JUDGE CARROLL delivered the opinion of the court.

Lozella Lawson, a resident of Cincinnati, Ohio, was killed in an automobile accident in Sangamon County, Illinois, on August 16, 1954. On July 25, 1956, Clarence B. Davis, Public Administrator of Sangamon County, petitioned the probate court of that county for appointment as administrator of her estate alleging that the decedent died intestate, seized and possessed of personal estate in Sangamon County, consisting of a 1948 Chevrolet automobile and a certain automobile casualty insurance policy issued to her by the State Auto Mutual Insurance Company of Columbus, Ohio; and that she was a non-resident and left no heirs who are residents of Illinois. Letters of Administration were issued pursuant to the prayer of the petition. Subsequently the administrator filed a motion in the probate court asking that the Letters of Administration issued to him be revoked and the order appointing him be vacated. His motion alleges that the State Auto Mutual Insurance Company of Columbus, Ohio is neither licensed to nor does it transact business in Illinois; that the policy issued to decedent was never within this state and the situs thereof has at all times been within the State of Ohio; that the automobile referred to in the petition has been disposed of; that at the time of her death, decedent was a resident of Hamilton County, Ohio, and had no mansion house and no real or personal property within this state; and that on September 15, 1954, the Probate Court of Hamilton County, Ohio, appointed an administrator for her estate who qualified and acted as such. A similar motion was filed by Sylvan Lawson, an heir of deceased. In opposition to the motions, an affidavit was filed by the attorney for the plaintiffs in two suits brought in the Circuit Court of Sangamon County against the said administrator for damages arising out of the accident in which the intestate met her death.

Admitting the company was not licensed to do business in Illinois, his affidavit states that on September 20, 1946, the State Auto Mutual Insurance Company filed with the Secretary of State of Illinois, a power of attorney to accept service of process in any litigation commenced against the said company in this state. The motions were allowed by the probate court but on appeal to the circuit court the same were denied. From the judgment of the circuit court denying their motions, Clarence B. Davis and Sylvan Lawson, referred to herein as plaintiffs, prosecute this appeal.

It appears to be undisputed that decedent's estate was fully administered upon in the county of her Ohio residence and that she owned no tangible property in Illinois at the time of her death.

The single question presented to this court is whether the Probate Court of Sangamon County was acting within its jurisdiction in appointing an administrator for the estate of the deceased.

Plaintiffs insist here, as in the court below, that such jurisdiction is lacking because the situs of the liability insurance policy was not in this state and therefore there was no estate to be administered upon in Illinois. Both parties cite and appear to rely upon Furst v. Brady, 375 Ill. 425. The facts in that case were that Brady, the deceased, died as the result of a collision between his automobile and another occurring in Stephenson County, Illinois; that he was insured by the Utilities Insurance Company of St. Louis, Missouri, which was licensed to do business in Illinois; that Letters of Administration in his estate were issued to the public administrator by the County Court of Stephenson County; that the petition for Letters alleged that deceased was possessed of personal property in Stephenson County consisting of the said automobile insurance policy and that there were creditors of deceased; and that subsequently suits for damages

arising out of the accident in which Brady was killed were instituted in the Circuit Court of Stephenson County against the administrator of his estate. As in the instant case, the jurisdiction of the County Court of Stephenson County to appoint an administrator was challenged. The grounds urged were that the situs of the insurance policy was not in this state; that under Illinois law a tort claimant is not a creditor and that because there was no creditor and no estate the county court lacked jurisdiction to appoint an administrator. The court held that the policy carried by Brady had situs in Illinois, and had this to say:

"Section 10 of the Wills Act of this State (Ill. Rev. Stat. 1939, Chap. 148, Par. 10) provides: 'For the purpose of granting administration of both testate and intestate estates, the *situs* of specialty debts shall be where the instrument happens to be, and of simple contract debts and other choses in action, where the debtor resides.' A specialty is a contract under seal. (Barrett v. Hinckley, 124 Ill. 32). The insurance policy in this case is not under seal, and is in the nature of a chose in action. (Collins v. Metropolitan Life Ins. Co. 232 Ill. 37.) The insurer, licensed to do business in this State, is regarded as a resident of Illinois. (Friend & Co. v. Goldsmith & Seidel Co. 307 Ill. 45; Bank of North America v. Chicago, Danville and Vincennes Railroad Co. 82 id. 493.) Therefore, the insurance contract has *situs* in Illinois."

Suggesting that its conclusion finds support in the decisions of other jurisdictions, the court pointed to Robinson v. Dana's Estate, 87 N. H. 114, 174 Atl. 772 in which it was held that the protection afforded by a policy of liability insurance issued by an insurer who is suable in any county in a state where it is licensed to do business meets the jurisdictional requirements of estate in the county in which appointment of an administrator of the estate of the insured is sought under

589

the New Hampshire Statute which provides that if decedent was not an inhabitant of the state, "administration shall belong to the judge of any county in which such person had estate or in which the personal representative or kin of such person has a cause of action." In discussing the applicability of the New Hampshire holding to the case at hand, the court further said:

"The insurance contract, and the liability thereunder, are personal estate of the decedent with a *situs* in Stephenson county. Brady, if living, would have a cause of action against the insurer. His personal representative succeeded thereto. This puts this cause on the same footing as the New Hampshire statute."

Citing Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105, and other cases, the court held that a "Creditor" as used in the Illinois Administration Act includes tort claimants and the object of appointing an administrator is not adjudication of the rights of such alleged claimants but "to furnish a legal representative against or through whom such alleged rights could be determined."

Distinguishing Olson v. Preferred Automobile Ins. Co., 259 Mich. 612, in which it was held that administration of the estate of a non-resident could not be had in a county in Michigan, in which the insurance company, a domestic corporation, could not be sued, the court said:

"Section 8(1) of the Civil Practice Act (Ill. Rev. Stat. 1939, Chap. 110, Par. 132) provides that civil actions may be commenced against any private corporation in the county in which such corporation has its principal office or is doing business or 'in which the transaction or some part thereof occurred out of which the cause of action arose.' Paragraph 2 of the same section provides that civil actions against insurance companies may be brought in the county where the

plaintiff resides. Obviously, Paragraph 2 does not apply to non-resident plaintiffs. It is equally manifest that the quoted words of Paragraph 1 of Section 8 apply to this case. It follows that if Brady were living, Stephenson county would be a proper jurisdiction for an action by him against the insurer on the policy of insurance. This right passed to his administrator as an asset of the estate. The Olson case, supra, is not persuasive here except from the implication that the insurer's liability is an asset in any county where the insurer is suable."

Because the insurance policy as an asset of Brady's estate had situs in Stephenson County and because there were unsatisfied claims of creditors, the court ruled that the county court had jurisdiction to appoint an administrator.

The factual situation in the instant case as it relates to the question as to whether decedent had assets in Sangamon County differs from that in Furst v. Brady in only one particular, namely: the company carrying the liability insurance on the Lawson automobile was not authorized to do business in this state, but it did have on file with the Secretary of State a power of attorney to accept service of process in any action against it arising out of a motor vehicle accident in Illinois. The question which follows is whether the decision in Furst v. Brady by implication holds that the liability under an insurance contract cannot have situs in Illinois unless the insurer is authorized to do business in this state. We think the court makes it clear that the Brady policy was personal estate of the decedent because if living, he would have a cause of action against the insurer; that his personal representative succeeded thereto; and that such an action could be brought in Stephenson County where the transaction giving rise to the cause of action occurred. In other words, the liability under the policy combined

591

with the right to enforce the same in Stephenson County constituted personal estate of the decedent in that county. Service of process in such action would be had upon the licensed insurer's agent for that purpose. The only distinction between Furst v. Brady and the case at bar lies in the fact that the insurer of Lozella Lawson, deceased, since it was not authorized to do business in this state, has designated the Secretary of State as its process agent in an action upon her policy and service of process in such an action would be upon the insurer's designated agent. Applying the same reasoning which was followed by the court in Furst v. Brady, the action could be brought in Sangamon County because the accident occurred in that county. We are therefore of the opinion that the controlling factor in this case is that the venue in an action by the insured or her personal representative on her policy would be properly fixed in Sangamon County. In other words, the decedent's right to protection under the policy coupled with the right to enforce the same in Sangamon County, rendered the policy an asset of her estate with situs in that county. This conclusion finds support in the case of In re Estate of Shirley v. Shirley, 334 Ill. App. 590 where the court concluded its analysis of the Furst v. Brady decision by saying:

"There is nothing in the record to indicate that the Missouri corporation had an office or was doing business in Stephenson county. The issuance of letters of administration was upheld because, under the provisions of Section 8(1) of the Practice Act, action on the insurance policy in Stephenson county could have been maintained by Brady, if living, because in Stephenson county 'the transaction or some part thereof occurred out of which the cause of action arose.'"

██ The principal argument advanced by plaintiffs is that the decedent had no property in Illinois

because the insurer was not licensed to do business in this state. The necessary jurisdictional factor of residence of the insured in Illinois is supplied in this case by reason of the fact that the decedent's insurance carrier has designated a process agent in this state.

Since the basic question to be decided is whether the deceased died seized of assets in Sangamon County justifying the appointment of an administrator, we regard it unnecessary to consider plaintiffs' arguments that there is no necessity for administration in Illinois or that the tort claimants might have pursued other courses of action.

The judgment of the Circuit Court of Sangamon County is affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.