Robert **EICHACKER**, Administrator of the Estate of Ricky D. Eichacker, Plaintiff-Appellant,

v.

Nancy **SPELTZ**, Administrator of the Estate of Randall Feldpouch, Defendant-Appellee.

No. 83–327.

Court of Appeals of Iowa.

Dec. 27, 1983.

Arnold J. Van Etten of Kintzinger, Kintzinger, Van Etten, Setter, & Scott, Dubuque, for plaintiff-appellant.

Brendan T. Quann of O'Connor, Thomas, Hammer, Bertsch & Norby, Dubuque, for defendant-appellee.

Considered by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiff-administrator appeals from the granting of a special appearance for the defendant-administrator in this wrongful death suit arising out of an automobile accident.

On August 14, 1980, plaintiff's decedent, Eichacker, was killed when the automobile in which he was riding, which was driven by defendant's decedent, Feldpouch, collided with a truck. The accident occurred in Coffee County, Kansas. Plaintiff opened an estate for Feldpouch in Clayton County, Iowa, causing his secretary to be named as executor. On the same day he filed a lawsuit against Feldpouch's estate serving notice on his secretary. Defendant filed a special appearance contesting jurisdiction of the Iowa court on the grounds that the accident occurred in Kansas, the decedent was a resident of Kansas, and decedent owned no property in Iowa. In support of the special appearance defendant filed an affidavit signed by Feldpouch's parents showing that decedent had moved to Kansas more than a year prior to his death, was employed there, and had a Kansas

driver's license and bank account. Plaintiff opposed the special appearance claiming that an automobile liability insurance policy purchased by decedent from an Iowa agent and issued by a Kansas City insurer was property which the decedent owned in Iowa.

■ Our scope of review in an appeal from a ruling on a special appearance in an action at law is on assigned error. Plaintiff has the burden to sustain the requisite jurisdiction, but when a prima facie case is established, defendant has the burden to produce evidence to rebut it. The findings of the trial court have the force and effect of a jury verdict. However, we are not bound by the trial court's conclusions of law or application of legal principles. *Larsen v. Scholl*, 296 N.W.2d 785, 787 (Iowa 1980).

■ Plaintiff argues that the special appearance was an improper attempt by defendant to collaterally attack the administration of Feldpouch's estate in Iowa. The supreme court has long maintained that the appointment of an administrator is an adjudication not open to collateral attack even when the appointment is in a county where there is no property of the decedent except an interest in an action at law. *Murphy, Neal & Co. v. Creighton,* 45 Iowa 179, 182 (1876). Similarly, the non-residence of a decedent is not a sufficient irregularity to permit a collateral attack on the appointment of an administrator and the probating of a will. *Erwin v. Fillenwarth,* 160 Iowa 210, 214, 137 N.W. 502, 504 (1912).

■ Defendant, however, is not attacking the administration of the estate in Iowa or the jurisdiction of the probate court to dispose of whatever property decedent owned in Iowa. The special appearance attacks rather the jurisdiction of the Iowa court to adjudicate personal rights and liabilities in the wrongful death action. The jurisdiction of the probate court is separate and distinct from the ordinary law and equity jurisdiction of the district court. *Davis v. Travelers Insurance Co.,* 196

N.W.2d 526, 528–29 (Iowa 1972). Defendant chose to attack the jurisdiction of the district court to adjudicate the tort action. It should make no difference that the grounds for that attack, namely the absence of any property of the decedent in the state, are the same as grounds for directly attacking the administration of the estate in Iowa. Defendant should not be precluded from challenging the jurisdiction of the court; nor can the Iowa court be deprived of the opportunity to determine its authority to decide the liabilities of a non-resident for his alleged negligence in the state of his domicile.

■ Plaintiff argues alternatively that even if a special appearance was a proper way for defendant to proceed in this case, the trial court erred in concluding that decedent owned no property within the state. Plaintiff maintains that decedent's automobile insurance policy issued by a Kansas City insurer and purchased through an Iowa agent constitutes property of the decedent in Iowa. The supreme court has held that if a nonresident decedent incurs liability in Iowa which is covered by a policy issued by an insurer licensed to do business in Iowa, the decedent is deemed to own property *in the county where the liability is incurred* sufficient to support administration of the estate there. *In re Fagin's Estate,* 246 Iowa 496, 499, 66 N.W.2d 920, 921 (1954); *Liberty v. Kinney,* 242 Iowa 656, 662–63, 47 N.W.2d 835, 838 (1951). In both of the cited cases the insurance policy of the nonresident was found to be property of the nonresident in the Iowa county where the accident occurred. In contrast, the case before us involves a nonresident killed in an accident in another state. The liability under the policy arose in Coffee County, Kansas, and any rights owned by the decedent arising out of the policy are situated there. For this reason *Fagin* and *Liberty* are inapposite.

We affirm the trial court's conclusion that decedent owned no property in Iowa. Consequently, the court did not err in

granting the special appearance for lack of personal jurisdiction.

AFFIRMED.